Laurence ("Laird") J. Lucas (ISB # 4733)
llucas@advocateswest.org
Todd C. Tucci (ISB # 6526)
ttucci@advocateswest.org
Talasi B. Brooks (ISB # 9712)
tbrooks@advocateswest.org
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Plaintiffs*,<br>v.<br><br>RYAN K. ZINKE, Secretary Of Interior; DAVID BERNHARDT, Deputy Secretary of Interior; and UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the United States,<br><br>*Defendants.* | No. 01:18-cv-187-REB<br><br>**NOTICE OF RELATED CASES** |

Plaintiffs Western Watersheds Project and Center for Biological Diversity hereby submit this Notice of Related Cases and suggestion that this case be reassigned to Chief Judge Winmill in light of the related cases and his familiarity with the issues presented in this case, for reasons explained below:

NOTICE OF RELATED CASES --    1

As indicated in the Civil Cover Sheet and the Complaint filed herein (ECF No. 1, pp. 5,6-8, 10-11), the above-captioned matter is related to the following cases currently being presided over by Chief Judge Winmill of this Court:

*Western Watersheds Project et al. v. Joe Balash,*[1] *Bureau of Land Management, et al.*, No. 1:16-cv-083-BLW; and

*Western Watersheds Project v. Ryan Zinke*[2] *and U.S. Department of Interior*, No. 4:08-cv-516-BLW.

The present case and these two related cases all involve legal challenges over the conservation of greater sage-grouse on public lands administered by the Bureau of Land Management ("BLM") within the Department of Interior, pursuant to BLM Resource Management Plans ("RMPs"), under the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1712(a) & § 1732(a), the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Many of the same BLM RMPs are involved in this case as in the two related cases, including BLM RMPs in Idaho, Wyoming, Montana, Utah, and Nevada.

Specifically, the Complaint in this action challenges a suite of BLM oil and gas leasing and development decisions as violating FLPMA, NEPA and the APA, including violating certain requirements of the "Sage-Grouse Plan Amendments" adopted by BLM and the U.S. Forest Service in 2015 to amend 98 RMPs and Forest Plans across the range of the greater sage-grouse. Plaintiffs are also challenging other aspects of those 2015 Sage-Grouse Plan Amendments in No.

---

[1] Assistant Secretary of Interior for Land and Minerals Joe Balash is automatically substituted as an official defendant in place of Janice Schneider, initially named in the complaint, per F.R.Civ.P. 25(d).

[2] Interior Secretary Ryan Zinke is automatically substituted as an official defendant in place of Dirk Kempthorne, initially named in the complaint, per F.R.Civ.P. 25(d).

1:16-cv-083-BLW as being insufficiently protective of greater sage-grouse habitats and populations. There is a close interlap between this case and No. 1:16-cv-083-BLW with respect to the science and history of sage-grouse conservation on public lands, the procedures employed for the Sage-Grouse Plan Amendments to the same BLM RMPs, the public lands and sage-grouse habitats and populations, the legal claims presented in both cases, and potential remedies. *See* Complaint herein (ECF No. 1); and Complaint in 1:16-cv-083-BLW (ECF No. 1) (both containing extensive allegations regarding greater sage-grouse science, populations and habitats on BLM lands at issue in both complaints, and regarding the National Greater Sage-Grouse Planning Strategy and 2015 Sage-Grouse Plan Amendments).

In addition, there is overlap between this case and No. 4:08-cv-516-BLW, which challenged prior BLM RMPs as being inadequate under NEPA and FLPMA in their provisions for sage-grouse conservation, and resulted in BLM undertaking the 2015 Sage-Grouse Plan Amendments at issue in this case and in No. 1:16-cv-083-BLW in order to satisfy the Remedies Decision issued by Judge Winmill in No. 4:08-cv-516-BLW. *See* Memorandum Decision and Order, *W. Watersheds Project v. Salazar*, No. 08-cv-516-BLW, 2012 WL 5880658 (D. Idaho Nov. 20, 2012), ECF Docket No. 231.

Moreover, before issuing that Remedies Decision, Judge Winmill conducted a multi-day evidentiary remedies hearing in No. 4:08-cv-516-BLW, which included testimony and evidence about the effect of oil and gas development in BLM's Pinedale Field Office upon greater sage-grouse, and addressed (in part) whether to enjoin the "Normally Pressurized Lance" oil and gas development project, involving 3,500 proposed oil and gas wells that threaten crucial winter range and other sage-grouse habitats. *See id.,* ECF Docket No. 231, p. 10-16.  The Court declined to enjoin the Lance project at that time because it was not yet final. *Id.*  Now, however,

BLM is moving forward in approving the Normally Pressurized Lance project even though it poses severe threats to sage-grouse and other wildlife habitats and populations, and the Lance Project is included within the facts and claims presented in the Complaint in this case. *See* Complaint (ECF No. 1), ¶¶ 12, 240-50.[3]

Judge Winmill also has substantial experience and knowledge regarding greater sage-grouse science, public lands management, and conservation needs from other prior litigation, as referenced in the Complaint herein (¶ 25).  *See, e.g.*, *Western Watersheds Project v. U.S. Fish and Wildlife Serv.*, 535 F. Supp.2d 1173 (D. Idaho 2007) (reversing 2005 "not warranted" ESA listing determination for greater sage-grouse); *Western Watersheds Project v. Jewell*, 56 F. Supp. 3d 1182 (D. Idaho 2014) (BLM violated NEPA and FLPMA in renewing grazing permits in key sage-grouse habitat in southern Idaho); *Western Watersheds Project v. Salazar*, 843 F. Supp. 2d 1105 (D. Idaho 2012) (BLM violated NEPA and FLPMA in renewing grazing permits in southern Idaho without considering cumulative impacts on sage-grouse and RMP duties to prioritize protection of sage-grouse as a sensitive species).

That knowledge and experience is useful and directly relevant to the adjudication of the claims presented in this case, including because this case presents Second and Third Claims for Relief (Complaint, ¶¶ 285-307) which allege that BLM is violating FLPMA, NEPA, and the APA in not applying the best available science in approving the oil and gas leasing and development decisions challenged in this case.  As the Complaint alleges in detail, the best available science includes the Department of Interior's 2011 National Technical Team Report

---

[3] Counsel for Plaintiff and Federal Defendants recently notified Judge Winmill's clerk that they are working on a Stipulation of Dismissal that would dismiss, without prejudice, the remaining unadjudicated claims in No. 4:08-cv-516-BLW.  Although that case may thus be dismissed in the near future, it remains pending now and Judge Winmill's rulings and knowledge of the relevant facts, science, and law from that case are directly applicable to this case, as described herein.

NOTICE OF RELATED CASES --            4

("NTT Report") and U.S. Fish and Wildlife Service's 2013 Conservation Objectives Team Report ("COT Report") that reflect the best available science on sage-grouse conservation needs, including for protection of key sage-grouse habitats from impacts of oil and gas leasing and development, which the 2015 Sage-Grouse Plan Amendments were intended to follow.  *See* Complaint, ¶¶ 35-60.

The NTT Report itself was the subject of substantial testimony at the remedies hearing in No. 4:08-cv-516-BLW, and was specifically found by Judge Winmill to reflect the best available science at the time.  *See* Memorandum Decision and Order, No. 08-cv-516-BLW, ECF Docket No. 231 at p. 5.  Whether the 2015 Sage-Grouse Plan Amendments accurately reflect the NTT Report and the COT Report is an issued raised in the Complaint in No. 1:16-cv-083-BLW (¶¶ 88-107, 135-141, 144-48, 155-64, 201-242), just as it is in this Complaint (¶¶ 58-60, 285-307), as noted above.

In light of the overlap between these cases and Judge Winmill's familiarity with the common facts and issues presented between this case and the other sage-grouse cases noted above, Plaintiffs respectfully submit that principles of judicial economy favor reassignment of this matter to Chief Judge Winmill.

Finally, Plaintiffs note that Magistrate Judge Bush of this Court has previously reassigned cases in similar circumstances where the Federal Government submitted a Notice of Related Cases with the suggestion that principles of judicial economy favor reassignment.  *See Idaho Woolgrowers Ass'n et al. v. Vilsack et al.*, No. 1:12-cv-469-REB, Federal Defendants' Notice of Related Case (ECF No. 4) and Docket Entry Order Reassigning Case (ECF No. 6).  If this Notice of Related Cases is not adequate to seek reassignment of this case to Judge Winmill, Plaintiffs can file a formal motion for reassignment.

Dated this 3rd day of May, 2018.                Respectfully submitted,

*/s/ Laurence ("Laird") J. Lucas*
Laurence ("Laird") J. Lucas (ISB # 4733)
Todd C. Tucci (ISB # 6526)
Talasi B. Brooks (ISB #9712)
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2018, I caused the foregoing NOTICE OF RELATED CASES to be electronically filed with the Clerk of the Court using the CM/ECF system, and AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

**Courtesy copy via email to**:
Christine England
Assistant U.S. Attorney
District of Idaho
christine.england@usdoj.gov

Luke Hajek
U.S. Department of Justice
Environment and Natural Resources Section
luke.hajek@usdoj.gov

*/s/ Laird J. Lucas*
Laird J. Lucas

NOTICE OF RELATED CASES --                6