BART M. DAVIS, Idaho State Bar No. 2696
United States Attorney
CHRISTINE G. ENGLAND, California State Bar No. 261501
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, Id 83712-7788
Telephone: (208) 334-1211
Facsimile:   (208) 334-1414
Email: Christine.England@usdoj.gov
JEFFREY H. WOOD
Acting Assistant Attorney General
RACHEL K. ROBERTS, Washington State Bar No. 50303
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
7600 Sand Point Way NE
Seattle, WA 98115
Tel: (206) 724-7386; Fax: (206) 526-6665
E-mail: Rachel.roberts@usdoj.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*,<br><br>          Plaintiffs,<br><br>          vs.<br><br>RYAN K. ZINKE, Secretary of the Interior, *et al.*,<br>          Defendants. | Case No. 1:18-cv-00187-REB<br><br>**RESPONSE TO NOTICE OF RELATED CASE** |

Defendants hereby file this response to Plaintiffs' Notice of Related Case, ECF No. 3

("Pls' Notice").  Even though Plaintiffs' document is entitled a "notice," it requests relief in the

form of reassignment to Judge Winmill on the basis that the instant case is related to two cases

before Judge Winmill, *Western Watersheds Project v. Schneider*, No. 1:16-cv-083-BLW, and

Defendants' Response to Plaintiffs' Notice of Related Case                                    1

*Western Watersheds Project v. Zinke*, No. 4:08-cv-516-BLW.  *See id.* at 5.  Defendants file this response to clarify that the instant case does not share common questions of law or fact sufficient to be considered "related" to those two cases.

While the District of Idaho does not have specific rules regarding notices of related cases, generally the test is whether the cases involve "a common question of law or fact," as discussed in Federal Rule of Civil Procedure 42(a), which governs consolidation.  *See* Theresa Rusnak, *Related Case Rules and Judge-Shopping: A Resolvable Problem?*, 28 Geo. J. Legal Ethics 913, 915 (2015) (collecting local rules).  This case involves challenges to nine Bureau of Land Management ("BLM") oil and gas lease sales.  It also purports to challenge three potential future lease sales, two oil and gas projects that have not yet been approved, and two Department of Interior ("DOI") Instruction Memorandums ("IMs") that are not themselves final agency action. Notably, this case does not involve any challenges to Resource Management Plans ("RMPs"), which were the subject of No. 1:16-cv-083-BLW or No. 4:08-cv-516-BLW.

Plaintiffs claim that all three of these challenges are related because they involve legal challenges to sage grouse management.  *See* Pls' Notice at 2.  But plaintiffs in these three cases challenged separate agency decisions with separate administrative records.  *See Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 395 (E.D. Wisc. 2008) (explaining that "a district court must review each project on its own administrative record" and "the projects are different enough to require independent review.").

In the first-filed case, No. 4:08-cv-516-BLW, Plaintiffs challenged certain BLM RMPs as providing inadequate consideration of impacts on, and protections for, sage-grouse under the Federal Land Policy and Management Act ("FLPMA") and the National Environmental Policy Act ("NEPA").  *See* Pls' Notice 3, *Western Watersheds Project v. Zinke*, No. 4:08-cv-516-BLW,

ECF No. 3 (Amended Complaint).  Plaintiffs argue that one of the issues before the court in No. 4:08-cv-516-BLW, was the "Normally Pressurized Lance Project."  But that Project is not a basis for relating the two cases because BLM has not yet approved the Project and, thus, the Project is not yet justiciable.  That Project, moreover, was not actually adjudicated in No. 4:08-cv-516-BLW because it was not final then either, and Plaintiffs concede that the court previously declined to enjoin the Project on that basis.  *See* Pls' Notice at 3.  Finally, as Plaintiffs note, the remaining claims in *Western Watersheds Project v. Zinke*, No. 4:08-cv-516-BLW will soon be resolved via a stipulation of dismissal with prejudice.  *See* Pls' Notice 4 n.3.

Another court in this district previously denied a similar attempt by Western Watersheds Project to consolidate another case, *Western Watersheds Project v. Lueders*, No. 13-cv-261-EJL, with No. 4:08-cv-516-BLW, on the basis that the restoration plan challenged in *Lueders* was related to the challenges to the RMPs raised in No. 4:08-cv-516-BLW.  *See Western Watersheds Project v. Lueders*, No. 13-cv-261-EJL, 2014 WL 12611291, *1–2.  The court recognized that "[a]lthough there are similarities between the topics involved in the two cases–the statutes involved, the geographic area, the species, etc.– the fact remains that resolution of the *Lueders* case does not turn on the same questions as are being litigated in [*Zinke*]."  *Id.* at *2.  Similar to the Nevada restoration plan challenged in *Lueders*, the instant case involves challenges to specific actions, in this case, lease sales, none of which are located in Idaho and all of which represent discrete challenges.  Thus, as in *Lueders*, "there are not common questions of law and fact between the two cases."  *Id.*

Nor is the instant case "related" to *Western Watersheds Project v. Schneider*, No. 1:16-cv-083-BLW.  In *Schneider*, Western Watersheds Project challenged RMP amendments intended to protect sage grouse habitat.  Here, by contrast, Western Watersheds Project challenges oil and

gas leases in areas governed by those RMP amendments, and contends that the leases are

inconsistent with those amendments in addition to violating FLPMA, NEPA, and the APA.  So

while some of the same RMP amendments play a role in the instant litigation, the questions of

law are very different from those presented in No. 1:16-cv-083-BLW.  Furthermore, because

both of these cases are reviewed pursuant to the Administrative Procedure Act, there are no

"questions of fact" in either case.  *See Fla. Power & Light Co v. Lorion*, 470 U.S. 729, 744

(1985) ("The fact-finding capacity of the district court is . . . typically unnecessary to judicial

review of agency decisionmaking.").

Under Plaintiffs' reasoning, any case involving any activity in an area subject to one of

the many BLM RMPs that Plaintiffs challenged in No. 4:08-cv-516-BLW and No. 1:16-cv-083-

BLW should be reassigned to Judge Winmill.  That is far too broad of a standard.  Defendants do

not agree that judicial economy requires reassignment to Judge Winmill.  Moreover, if Plaintiffs

believe that reassignment is needed, they should file a motion so that the issue may be formally

briefed.

Dated: May 9, 2018          Respectfully submitted,
                            BART M. DAVIS, Idaho State Bar No. 2696
                            United States Attorney
                            CHRISTINE G. ENGLAND, California State Bar No. 261501
                            Assistant United States Attorney
                            District of Idaho
                            Washington Group Plaza IV
                            800 East Park Boulevard, Suite 600
                            Boise, Id 83712-7788
                            Telephone: (208) 334-1211
                            Facsimile:  (208) 334-1414
                            Email: Christine.England@usdoj.gov

                            JEFFREY H. WOOD

Defendants' Response to Plaintiffs' Notice of Related Case                    4

Acting Assistant Attorney General
*/s/ Rachel K. Roberts*
RACHEL K. ROBERTS, Washington State Bar No. 50303
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
7600 Sand Point Way NE
Seattle, WA 98115
Tel: (206) 724-7386; Fax: (206) 526-6665
E-mail: Rachel.roberts@usdoj.gov
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

       Laurence J. Lucas, Attorney for Plaintiffs
       llucas@advocateswest.org

       Talasi B. Brooks, Attorney for Plaintiffs
       tbrooks@advocateswest.org

       Todd C. Tucci, Attorney for Plaintiffs
       ttucci@advocateswest.org

                              */s/ Rachel K. Roberts*

                              Rachel K. Roberts