Bret Sumner, *Pro Hac Vice*
bsumner@bwenergylaw.com
BEATTY & WOZNIAK, P.C.
216 Sixteenth St., Suite 1100
Denver, CO 80202-5115
Telephone: 303-407-4499
Fax: 800-886-6566

Paul A. Turcke, ISB #4759
MSBT LAW
950 W. Bannock Street, Suite 520
Boise, ID 83702
Telephone: 208-331-1800
Fax: 208-331-1202
Email: pat@msbtlaw.com

Attorneys for Proposed Defendant- Intervenor Western Energy Alliance.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

**WESTERN WATERSHEDS PROJECT**, *et al.*,

Plaintiffs,

v.

**RYAN K. ZINKE,** Secretary of the Interior, *et al.*,

Defendants,

**WESTERN ENERGY ALLIANCE,**

Proposed Defendant-Intervenor.

Case No. 1:18-cv-00187-REB

**REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT [Dkt. 20]**

Western Energy Alliance (Alliance) files this Reply in Support of its Motion to Intervene as Defendant [Dkt. 20]. The Alliance seeks intervention to protect its members' valid and significant interests and property rights identified in the Motion to Intervene as Defendant (Motion), Memorandum of Points and Authorities in Support of Motion to Intervene [Dkt. 20-1] (Memorandum), and Declaration of Kathleen Sgamma in Support of Motion to Intervene [Dkt. 20-2] (Declaration).

## I. INTRODUCTION

The Alliance's Motion should be granted because the Alliance satisfies the elements of Federal Rule of Civil Procedure (Rule) 24(a)(2) for intervention as a matter of right. In the alternative, the Alliance satisfies the elements for permissive intervention under Rule 24(b).

Plaintiffs Western Watersheds Project and Center for Biological Diversity's (collectively, Plaintiffs) opposition to the Motion fails to adequately dispute that the Alliance satisfies the elements of Rule 24. Rather, Plaintiffs complain that the Alliance has not identified its interests with specificity—a request beyond what is required under Rule 24.

Additionally, Plaintiffs allege the Alliance is hiding its activities and interests from the Court and attempting to "hijack" these proceedings by failing to indicate their consent or opposition to the Magistrate. Response [Dkt. 32] at 2. Plaintiffs' claims regarding the Alliance's candor to the Court are irrelevant.

The requirements for intervention are broadly interpreted to favor intervention, and the Alliance has met its burden on those requirements. As set forth in the Memorandum and the Declaration, Alliance members have significant interests related to the property at issue which may be impaired depending on the outcome of this proceeding. Furthermore, Alliance members are not adequately represented by current parties to this case. Ultimately, the Alliance's Motion is timely, and no parties would be prejudiced by the requested intervention. The Alliance respectfully requests that the Court grant the requested intervention.

## II. ARGUMENT

### A. The Alliance is Entitled to Intervene as a Matter of Right

Pursuant Rule 24(a)(2), the Court must permit anyone to intervene who: (1) submits a timely motion; (2) "claims an interest relating to the property or transaction that is the subject of

the action"; (3) may be impaired from protecting its interest based on the outcome of the proceeding; and, (4) is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2). Plaintiffs opposition to the Alliance's Motion alleges that the Alliance has failed to "establish any concrete interest" and that existing parties adequately represent the Alliance. Plaintiffs' arguments fail on both accounts.

1. <u>The Alliance Claims an Interest to Leases at Issue</u>

The Ninth Circuit liberally construes Rule 24(a) in favor of potential intervenors. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). The interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)). Indeed, the Ninth Circuit has upheld the "guidance of Rule 24 advisory notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.

Rule 24(a)(2) "does not require a specific legal or equitable interest." *Wilderness Soc'y v. U.S. Forest Service*, 630 F.3d 1173,1179 (9th Cir. 2011). Rather, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id*.

*a. Alliance Members' Purchased Leases are Protectable Interests*

Federal leases are binding and enforceable contractual arrangements, and therefore constitute protectable property interest for the lessees. *See Nat. Resources Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341 (10th Cir. 1978) (even potential recipients of

licenses can show protectable interest supporting right to intervene). Moreover, the threat to economic injury is a legally protected interest that warrants intervention as a matter of right. *Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 951 (9th Cir. 2013).

As set forth in the Memorandum and the Declaration, Alliance members have purchased many of the leases at issue, investing tens of millions of dollars performing due diligence and purchasing the leases. As required in Rule 24, the Alliance "claims an interest relating to the property" at issue: ownership of the leases. Fed. R. Civ. P. 24(a)(2).

The Alliance satisfies the third element of intervention as a matter or right because Plaintiffs' requested relief—vacatur of the lease sales—poses a direct and substantial threat to those legally protectable interests. *See Theodore Roosevelt Conserv. P'ship v. Salazar*, 605 F. Supp. 2d 263, 269 (D.D.C. 2009) (allowing oil and gas operators with federal drilling permits to intervene in suit challenging BLM's NEPA compliance after issuing permits at issue).

*b. The Alliance is Not Required to Identify Specific Leases Members Purchased*

Plaintiffs' criticism of the Alliance's assertion of a legally protectable interest is that the Alliance did not identify each member that purchased leases and what leases were purchased. Intervention does not require identification of specific leases, and Plaintiffs point to no case law requiring this level of detail. District courts are instructed to take declarations supporting intervention motions "as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (allegations must be taken as true, and hearings could be held to resolve conflicts). Logistically, the Alliance need not identify the hundreds of leases purchased by members to support a declaration the Court must take as true.

Furthermore, the Alliance often intervenes on behalf of its members to protect confidential business information. Some members utilize purchasing agents to avoid detailing

business and development plans and to avoid targeted protests and harassment. Requiring the Alliance to disclose which members purchased specific leases would eradicate these protective measures implemented to protect the competitive business interests of its members.

At bottom, Plaintiffs' objection is nothing more than a conclusory statement. Plaintiffs fail to provide any analysis supported by case law indicating that the Motion, Memorandum and Declaration fail to show that the Alliance "claims an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Plaintiffs' conclusory assertions are not sufficient to overcome the Ninth Circuit's liberal construction of Rule 24 to allow intervention.

The Alliance represents federal lessees who "have a 'significantly protectable' interest that could be impaired by this litigation," and should be allowed to intervene as a matter of right under Rule 24. *W. Watersheds Project v. U.S. Forest Serv.*, 2015 U.S. Dist. LEXIS 159390, at *7 (D. Idaho Nov. 23, 2015).

2. <u>Federal Defendants do not Adequately Represent the Alliance</u>

The other point of contention raised by Plaintiffs with respect to intervention as of right is that the Alliance is adequately represented by existing parties. Rather than responding to the case law relied upon and arguments made in the Alliance's Memorandum, Plaintiffs' state that the Alliance fails to provide any supporting facts that Federal Defendants will not adequately represent the Alliance's interests. Dkt. 32 at 10. Plaintiffs' argument is premature at best. The Alliance cannot know what arguments Federal Defendants will make, what policy considerations the Department of the Interior will take into account, or what agreements the Federal Defendants may reach with Plaintiffs. Regardless, Plaintiffs' assertion is untrue.

The Alliance specifically stated in its Memorandum that the "Federal Defendants are protecting the public interest at large and not the specific economic and property interests of Alliance members." Dkt. 20-1 at 8. The Federal Defendants must consider a wide spectrum of views and advocate for interpretation of federal laws and decision making. The Federal Defendants are not "acting on behalf of a constituency it represents." Dkt. 32 at 9. *See also Fund for Animals, Inc. v. North*, 322 F.3d 728, 736 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring [private] intervenors.").

Defendant-Intervenors carry a low burden to show inadequate representation. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Such burden is satisfied if intervenors can demonstrate that representation of their interests ***may*** be inadequate. *Id*. The Court considers three factors in assessing the inadequacy of representation: (1) if the interest of a present party is such that it will make all of a proposed intervenor's arguments; (2) if the present party is capable and willing to make such arguments; and (3) if a proposed intervenor would offer any necessary elements that other parties would neglect. *Id.* Application of these factors establishes that Defendants do not adequately represent the Alliance's interests.

The Federal Defendants are defending BLM's decision-making process, while the Alliance is defending the property rights and business interests of its members. Unlike the cases cited to by Plaintiffs, this is not a situation involving two non-governmental groups defending the constitutionality of a ballot measure. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009). Even if Federal Defendants and the Alliance both want to uphold BLM's decision to offer leases for sale, the underlying interests and reasoning are markedly different. *See id.* at 951 (upholding denial of intervention because proposed-intervenor's

interests were not different from existing party's). Regardless, the Alliance adequately rebutted any presumption of adequate representation because the Federal Defendants would not make arguments related to Alliance members' property interests. *Id.* (identifying the *Arakaki* rebuttal factors).

The Federal Defendants cannot adequately represent the Alliance's or its members' private and unique interests in this action. Nor can the Alliance rely on Federal Defendants to advocate for the protection of the property interests of its members. The Alliance must be afforded the right to formulate an appropriate litigation strategy and present its own legal arguments. Consequently, the Alliance has met its low burden to show inadequate representation.

**B. The Alliance is Entitled to Permissive Intervention**

Should the Court not grant the Alliance intervention as a matter of right, the Alliance is still entitled to permissive intervention. Rule 24(b)(1) states that a court may permit intervention of anyone who has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In evaluating a request for permissive intervention, the only other consideration for the Court is whether allowing intervention would unduly delay or prejudice the adjudication of existing parties' rights. Fed. R. Civ. P. 24(b)(3).

Plaintiffs do not challenge either of the two factors to be taken into consideration for permissive intervention. Instead, Plaintiffs claim that the Alliance "has not shown its presence would 'contribute to the equitable resolution of this case.'" Dkt. 32 at 12 (citing *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2003)). First, as detailed above and in the Memorandum, the Alliance seeks to intervene to protect the unique interests of its members, which would ensure the Court is apprised of all interests and arguments. More important, the

Alliance is under no obligation to show its presence would contribute to the equitable resolution of the case. In *Kootenai*, the Court had already upheld the applicant's permissive intervention before going on to say the applicant's presence would also contribute. *Kootenai*, 313 F.3d at 1111. Plaintiffs cannot create a new factor for the Court to consider in evaluating permissive intervention.

**C. Plaintiffs' Claims Regarding the Alliance's Candor to the Court are Irrelevant**

Plaintiffs make several allegations in their Response regarding to the Alliance's candor to the Court. First and foremost, Plaintiffs' statement that the Alliance has not disclosed prior lawsuits or public comments that it filed is completely irrelevant. The only question before the court is whether the Alliance should be granted status as a Defendant-Intervenor to represent its members' leasehold interests which the Plaintiffs seek to have vacated.

Applicability aside, the Alliance would be remiss to not respond to allegations that it is trying to overtly hide information or otherwise mislead the Court. *See* Dkt. 32 at 2, 10, (questioning the Alliance's candor to the Court); 12 ("Playing 'hide the ball' this way allows WEA to falsely assert . . . ."). The Alliance takes exception to Plaintiffs' unwarranted implication that as to its candor with the Court is questionable.

The Alliance is a zealous and candid advocate for its members. As Plaintiffs point out, the Alliance's lawsuit and public comments are publicly available. The Alliance has not hidden anything from the Court; rather, has limited its filings to the relevant issue of intervention.

**D. The Alliance Cannot Consent to the Magistrate Until Intervention is Granted**

Plaintiffs' final argument in opposition to the Alliance's Motion is that the Alliance should not be granted intervention because it has not consented to the Magistrate Judge Bush. Dkt. 32 at 13–14.

As Plaintiffs state in their Response, "parties" may consent to a magistrate judge handling a civil case, and the Ninth Circuit has held prospective intervenors to not be parties. Dkt. 32 at 13 (citing *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681 (9th Cir. 2016)). <u>Once the motion to intervene is granted</u>, an intervenor must consent. Dkt. 32 at 14 (citing *Robert Ito Farm, Inc.*, 842 F.3d at 687). The Alliance will comply with its obligations if this Court grants intervention.

The Alliance's consent to Magistrate Judge Bush prior to becoming a party to the case is irrelevant to this motion.

## III. CONCLUSION

For the reasons outlined above, Proposed Defendant-Intervenor Western Energy Alliance respectfully requests that the Court grant its motion to intervene.

Respectfully submitted this 13th day of July, 2018.

*s/ Bret Sumner*
Bret Sumner
*Pro Hac Vice*

*s/ Paul Turcke*
Paul Turcke

*Counsel for Proposed Defendant-Intervenor Western Energy Alliance*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2018, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT** via the Court's electronic case filing system which will cause the foregoing to be served upon all counsel of record.

*s/ Bret Sumner*