Laurence ("Laird") J. Lucas (ISB # 4733)
llucas@advocateswest.org
Todd C. Tucci (ISB # 6526)
ttucci@advocateswest.org
Talasi B. Brooks (ISB # 9712)
tbrooks@advocateswest.org
Sarah K. Stellberg (ISB # 10538)
sstellberg@advocateswest.org
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY, | Case No. 1:18-cv-00187-REB |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENOR WESTERN ENERGY ALLIANCE'S MOTION FOR LEAVE TO FILE SURREPLY [DKT. 65] FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [DKT. 30]** |
| v. | |
| RYAN K. ZINKE, Secretary of Interior; DAVID BERNHARDT, Deputy Secretary of Interior; and UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the United States, | |
| Defendants, | |
| WESTERN ENERGY ALLIANCE, | |
| Defendant-Intervenor, | |
| STATE OF WYOMING, | |
| Defendant-Intervenor. | |

**INTRODUCTION**

Without first conferring with Plaintiffs, Defendant-Intervenor Western Energy Alliance (WEA) has sought leave from this Court to file a surreply on Plaintiffs' Motion for Preliminary Injunction, ECF No. 30, raising arguments that it could have raised in its Response to Plaintiffs' Motion for Preliminary Injunction, ECF No. 51.  The Court should deny WEA's motion because it had the opportunity to raise the new arguments in its Response Brief.  If the Court grants WEA's motion, the Court should strike all material not directly responsive to Plaintiffs' supplemental declarations and materials.

**ARGUMENT**

A surreply may only be filed "to address new matters raised in a reply, to which a party would otherwise be unable to respond."  *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc*., 238 F. Supp. 2d 270, 276 (D.D.C. 2002) (internal citation and quotation omitted).  The matter must be truly new, and a surreply is most appropriate when the new matter is factual.  *Id*. at 277.  "When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence."  *Or. Nat. Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014) (emphasis added).

WEA's Motion, Proposed Surreply, and 1,140 pages of attachments do not merely respond to the content of the two supplemental Declarations and four pages of supplementary exhibits Plaintiffs submitted with their Reply Brief in Support of their Motion for Preliminary Injunction (ECF Nos. 63-1 to 63-3).  WEA has identified no new argument first raised in Plaintiffs' Reply to which it claims to be responding.  Instead, WEA now appears to be trying to extend their 10-page Response Brief on plaintiffs' motion for preliminary injunction, ECF No. 51, by elaborating upon the arguments raised therein or advancing new arguments under the

guise of responding to Plaintiffs' supplementary exhibits.

Specifically, through the Proposed Sur-reply Brief WEA reiterates arguments first raised in its Response Brief: that IM 2018-034 is not a final agency action, WEA Resp. Br. 3, ECF No. 51; that oil and gas leasing is adequately considered in the land-use planning process and adequate public participation is provided at that phase, *id.* at 4; that BLM's NEPA process provides adequate opportunities for public involvement in leasing decisions, *id.*; that Plaintiffs have not established irreparable harm, *id*. at 3-5; and that the balance of equities and public interest do not favor an injunction due to vague financial harms WEA members would allegedly suffer, *id.* at 6-8. *See* [Proposed] Sur-reply Br. 2-8, ECF No. 65-1 (reiterating arguments). The Proposed Sur-reply Brief also makes new arguments not raised in WEA's Response Brief that Plaintiffs' requested relief violates separation of powers, *id.* at 2; that public comments are not required for Environmental Assessments, *id*. at 3; that Plaintiffs' request for injunctive relief for the September sales is moot, *id.* at 6; that the relief Plaintiffs seek is somehow inconsistent with the Federal Land Policy and Management Act (FLPMA) and the Mineral Leasing Act (MLA), *id*. at 9; and mounting new attacks on Plaintiffs' standing, *id*. at 2, 8.

To the extent WEA seeks to expand upon arguments already made in its Response Brief, granting it leave to file a surreply is not warranted because it could have presented those arguments when it filed that brief three weeks ago. *See Robinson v. Detroit News*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (striking surreply that consisted of a reiteration of arguments made in original response); *see also* L.R. Civ. 7.1(c)(1) (page limit for response brief). WEA was able to—and did—respond to the arguments Plaintiffs made in their Opening Brief in support of their motion for preliminary injunction there. No additional briefing is warranted to allow WEA to elaborate upon arguments it has already made.

Moreover, all but three of the 23 exhibits WEA now seeks to add via its surreply appear to have been available when it filed its Response Brief.  If WEA believed that those records were necessary for this Court to evaluate Plaintiffs' motion for preliminary injunction, it should have sought to introduce them with its Response Brief.  The only materials that obviously post-date WEA's Response Brief are those pertaining to the Fourth Quarter Wyoming lease sale and Plaintiffs' protest of the Third Quarter Wyoming lease sale (labeled Exhibits N, O, and S).

WEA's effort to make new substantive arguments not raised in its Response Brief and unrelated to Plaintiffs' supplemental exhibits is wholly inappropriate.  *See Saunders v. District of Columbia*, 711 F. Supp. 2d 42, 60-61 (D.D.C. 2010) (attempt to use surreply as vehicle to advance untimely arguments was "wholly inappropriate").  It appears no more than an attempt "to have the last word on this issue," which "is precisely why Courts so thoroughly disfavor requests to file sur-replies."  *Whitewater West Industries, Ltd. v. Pacific Surf Designs, Inc.*, No. 3:17-cv-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018).  The Court should not entertain this effort and should deny WEA's Motion.

## CONCLUSION

Plaintiffs respectfully request that this Court deny WEA's Motion For Leave To File Sur-Reply, ECF No. 65.  If the Court grants the Motion, Plaintiffs request that the Court strike all material not directly responsive to Plaintiffs' supplemental exhibits.

Respectfully submitted this 4th day of September, 2018.

/s/  *Talasi B. Brooks*
Talasi B. Brooks (ISB #9712)

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2018, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENOR WESTERN ENERGY ALLIANCE'S MOTION FOR LEAVE TO FILE SURREPLY [DKT. 65] FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [DKT. 30]** with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing (NEF) to the following persons:

**Counsel for Federal Defendants**

John Shaughnessy Most
U.S. Dept. of Justice
john.most@usdoj.gov

Luther L. Hajek
U.S. Dept. of Justice
luke.hajek@usdoj.gov

**Counsel for Intervenor-Movants
State of Wyoming & Western Energy Alliance**

Erik Edward Petersen
erik.peterson@wyo.gov

Michael M. Robinson
mike.robinson@wyo.gov

Paul A. Turcke
pat@msbtlaw.com

Bret A. Sumner
bsumner@bwenergylaw.com

*s/ Talasi B. Brooks*
Talasi B. Brooks