BART M. DAVIS, Idaho Bar No. 2696
United States Attorney

CHRISTINE G. ENGLAND, California Bar No. 261501
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, Id 83712-7788
Tel: (208) 334-1211; Fax: (208) 334-1414
Email: Christine.England@usdoj.gov

JEFFREY H. WOOD
Acting Assistant Attorney General

JOHN S. MOST, Virginia Bar No. 27176
LUTHER L. HAJEK, Colorado Bar No. 44303
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044
Tel: (206) 724-7386; Fax: (206) 526-6665
E-mail: John.Most@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RYAN K. ZINKE, Secretary of the Interior, *et al.*,<br>    Defendants. | Case No. 1:18-cv-00187-REB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT [ECF NO. 1]** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Ryan Zinke, Secretary of the Interior, *et al.* (collectively, "Federal Defendants") hereby respond to the Complaint (ECF No. 1) filed by Plaintiffs Western Watersheds Project and the Center for Biological Diversity's (collectively, "Plaintiffs") as set forth below.

### RESPONSES TO COMPLAINT ALLEGATIONS

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint. Federal Defendants do not specifically respond to the section headings included in the Complaints, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Federal Defendants deny those allegations.

### INTRODUCTION

1.     Federal Defendants deny the allegations in this paragraph.

2.     Federal Defendants deny the allegations of the first sentence in this paragraph. Federal Defendants admit the allegation of the second paragraph that studies have found that infrastructure and activities associated with oil and gas development adversely affect Greater sage-grouse and its habitat and deny the remaining allegations in this sentence as vague. Defendants admit the allegations of the third sentence in this paragraph.

3.     Federal Defendants admit the allegations of the first sentence in this paragraph. The second sentence purports to characterize the content of certain un-named "interim policies" which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

4.     Federal Defendants admit that the BLM and Forest Service completed amending Resource Management Plans and Forest Plans in September 2015. The remainder the allegations

in this paragraph purport to characterize the content of the Resource Management and Forest Plans which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

5.      This paragraph purports to characterize the content of the "2015 Sage-Grouse Plan Amendments" which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

6.      This paragraph purports to characterize the content of the October 2, 2015 Fish and Wildlife Service's ("FWS") "not warranted" finding published at 80 Fed. Reg. 59858, 59876 (Oct. 2, 2105), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

7.      The allegations of the first sentence in this paragraph are vague and therefore are denied. The second sentence in this paragraph purports to characterize the content of BLM Instruction Memorandum 2016-143, (which has been replaced by Instruction Memorandum 2018-026), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

8.      Federal Defendants deny the allegations in this paragraph.

9.      The allegations in the first sentence in this paragraph purports to characterize the content of an October 2017 "Final Report: Review of the Department of Interior Actions that Potentially Burden Domestic Energy" which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations of the second sentence in this paragraph.

10.     Federal Defendants deny the allegations of the first sentence in this paragraph. The allegations of the second sentence in this paragraph purports to characterize the content of

Defendants' Answer to Plaintiffs' Complaint                                                2

Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language are denied.

11.     Federal Defendants deny the allegations in this paragraph.

12.     Federal Defendants admit that a record of decision for the Normally Pressured Lance Project was released on August 27, 2018 (https://eplanning.blm.gov/epl-front-office/eplanning/planAndProjectSite.do?methodName=renderDefaultPlanOrProjectSite&projectId=57654)  The remainder in this paragraph purports to describe the Memorandum Decision and Order, *W. Watersheds Project v. Salazar*, No. 08-cv-516-BLW, 2012 WL 5880658 (D. Idaho Nov. 20, 2012), which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language are denied.

13.     Federal Defendants deny the allegations of the first sentence in this paragraph.  The second and third sentences in this paragraph purport to describe Instruction Memorandum 2018-034, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the fourth sentence in this paragraph.

14.     The allegations in this paragraph are characterizations of Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

**JURISDICTION AND VENUE**

15.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

16.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

17.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

18.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

## PARTIES

19.A.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny them.

19.B.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny them.

20.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny them.

21.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny them.

22.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence in this paragraph and on that basis deny them.  Federal Defendants deny the remaining allegations in the second and third sentences in this paragraph.

23.     Federal Defendants deny the allegations in this paragraph

Defendants' Answer to Plaintiffs' Complaint                                                  4

24.A.   Federal Defendants admit the allegations in this paragraph.

24.B.   Federal Defendants deny the allegation that there were "unlawful policy changes," but admit the remaining allegations in this paragraph.

24.C.   Federal Defendants admit the allegations in this paragraph.

## STATEMENT OF RELEVANT FACTS

25.   The allegations in this paragraph purport to characterize the court decisions cited, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

26.   Federal Defendants admit the allegations in the first sentence of this paragraph. Federal Defendants admit the allegation in the second sentence that Greater sage-grouse rely on healthy sagebrush habitat; the remaining allegations in this sentence are vague and therefore are denied.

27.   Federal Defendants admit some sources have indicated that Greater sage-grouse once numbered in the millions across the Western United States and Canada and also admit that habitat loss and fragmentation have contributed to a decline in Greater sage-grouse populations. The remaining allegations in the first sentence of this paragraph are vague and therefore are denied.  Federal Defendants deny the allegations in the second sentence.

28.   Federal Defendants admit the allegations in this paragraph.

29.   Federal Defendants admit the allegations in this paragraph.

30.   Federal Defendants admit the allegations in the first, second, third, and fourth sentences of this paragraph.  Federal Defendants deny the allegations in the fifth sentence of this paragraph.

31.     The allegations in this paragraph purport to characterize the research studies cited, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

32.     The allegations in this paragraph purport to characterize a court decision and FWS's March 2010 "warranted, but precluded" finding, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

33.     The allegations in this paragraph purport to characterize FWS's March 2010 finding, which speaks for itself and is the best evidence of their contents.  Any allegations contrary to the plain language are denied.

34.     Federal Defendants admit the allegation in this paragraph that BLM initiated the National Greater Sage-Grouse Planning Strategy in August 2011 and deny the remaining allegations in the first sentence of this paragraph.  Defendants admit the allegations in the second sentence of this paragraph.

35.     The allegations in this paragraph purport to characterize the charter for the National Sage-Grouse Planning Strategy, which speaks for itself and is the best evidence of their contents.  Any allegations contrary to the plain language are denied.

36.     The allegations in this paragraph purport to characterize the December 21, 2011 BLM National Technical Team Report and the Decision and Order cited, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

37.     The allegations in this paragraph purport to characterize the National Technical Team Report cited, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

38.     The allegations in this paragraph purport to characterize the National Technical Team Report cited, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

39.     The allegations in this paragraph purport to characterize the National Technical Team Report cited, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

40.     The allegations in this paragraph purport to characterize the National Technical Team Report cited, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

41.     The allegations in this paragraph purport to characterize the National Technical Team Report cited, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

42.     The allegations in this paragraph purport to characterize the National Technical Team Report cited, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

43.     The allegations in this paragraph purport to characterize the now expired BLM Instruction Memorandum 2012-044, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

44.     The allegations in this paragraph purport to characterize FWS's Conservation Objectives Team recommendation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

45.     The allegations in this paragraph purport to characterize FWS's Conservation Objectives Team Report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

46.     The allegations in this paragraph purport to characterize FWS's Conservation Objectives Team Report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

47.     The allegations in this paragraph purport to characterize FWS's October 27, 2014 letter to BLM and the Forest Service, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

48.     Federal Defendants admit the allegations in this paragraph.

49.     Federal Defendants admit the allegations in this paragraph.

50.     Federal Defendants admit the allegations in this paragraph.

51.     The allegations in this paragraph purport to characterize the BLM Great Basin and Rocky Mountain Records of Decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

52.     The allegations in this paragraph are characterizations of Plaintiffs' Complaint, to which no response is required.

53.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

54.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

55.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

56.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

57.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

58.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

59.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

60.     Federal Defendants admit the allegation in the first sentence of this paragraph that Plaintiffs Western Watersheds Project and Center for Biological Diversity are challenging the Sage-Grouse Plan Amendments in *Western Watersheds Project v. Schneider*, No. 1:16-cv-83-BLW (D. Idaho), and deny the remaining allegations in this sentence.  The allegation in the second sentence of this paragraph is a legal conclusion, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation.  Federal Defendants deny the allegations in the third sentence of this paragraph.

Defendants' Answer to Plaintiffs' Complaint                                                    9

61.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

62.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

63.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

64.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

65.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

66.     The allegations in this paragraph purport to characterize the BLM Sage-Grouse Plan Amendments, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

67.     The allegations in this paragraph purport to characterize the now-replaced BLM Instruction Memorandum 2016-143, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

68.     The allegations in this paragraph purport to characterize the now-replaced BLM Instruction Memorandum 2016-143, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

69.     The allegations in this paragraph purport to characterize the now-replaced BLM Instruction Memorandum 2016-143, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

70.     The allegations in this paragraph purport to characterize the now-replaced BLM Instruction Memorandum 2016-143, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

71.     The allegations in this paragraph purport to characterize the now-replaced BLM Instruction Memorandum 2016-143, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

72.     The allegations in this paragraph purport to characterize the now-replaced BLM Instruction Memorandum 2016-143, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

73.     The allegations in paragraph 73 are vague and therefore are denied.

74.     The allegations in this paragraph purport to characterize Executive Order 13783, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

75.     The allegations in this paragraph purport to characterize Executive Order 13783, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

76.     The allegations in this paragraph purport to characterize Secretarial Order 3349, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

77.     The allegations in this paragraph purport to characterize Secretarial Order 3349, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

78.     Federal Defendants deny the allegations in this paragraph.

79.     Federal Defendants admit the allegations in this paragraph.

80.     The allegations in this paragraph purport to characterize Secretarial Order 3351, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

81.     Federal Defendants admit the allegations in this paragraph.

82.     The allegations in this paragraph purport to characterize Secretarial Order 3353, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

83.     The allegations in this paragraph purport to characterize Secretarial Order 3353, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

84.     The allegations in the first sentence in this paragraph purport to characterize Secretarial Order 3353, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations in the second sentence of this paragraph.

85.     Federal Defendants deny the allegations in this paragraph.

86.     Federal Defendants admit the allegations in this paragraph.

87.     The allegations in this paragraph purport to characterize Secretarial Order 3354, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

88.     Federal Defendants admit the allegations in this paragraph.

89.     The allegations in this paragraph purport to characterize Department of the Interior Report dated October 24, 2017, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

90.     The allegations in this paragraph purport to characterize Department of the Interior Report dated October 24, 2017, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

91.     Federal Defendants admit that on August 4, 2017 the Department of the Interior issued a Report In Response To Secretarial Order 3353, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

92.     Federal Defendants deny the allegations in this paragraph.

93.     The allegations in this paragraph purport to characterize the August 4, 2017 Department of the Interior Report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

94.     The allegations in this paragraph purport to characterize the August 4, 2017 Department of the Interior Report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

95.     The allegations in this paragraph purport to characterize the August 4, 2017 Department of the Interior Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

96.     Federal Defendants admit the allegations in this paragraph.

97.     The allegations in this paragraph purport to characterize the August 4, 2017 Department of the Interior Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

98.     Federal Defendants admit that on December 27, 2018 the BLM issued Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

99.     The allegations in this paragraph purport to characterize Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

100.    The allegations in this paragraph purport to characterize Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

101.    The allegations in this paragraph purport to characterize Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

102.    The allegations in this paragraph purport to characterize Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

103.    The allegations in this paragraph purport to characterize Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

104.    Federal Defendants deny the allegations in this paragraph.

105.    Federal Defendants admit that on January 31, 2018 the BLM issued Instruction Memorandum 2018-034, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

106.    The allegations in this paragraph purport to characterize Instruction Memorandum 2018-034, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

107.    The allegations in this paragraph purport to characterize Instruction Memorandum 2018-034, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

108.    Federal Defendants admit that BLM did not provide public notice and an opportunity for comment prior to adopting IM 2018-034 and aver that no public notice and comment is required before the adoption of an instruction memorandum.

109.    Federal Defendants admit the allegation in the first sentence of this paragraph that BLM is implementing IM 2018-034 in its implementation of oil and gas leasing on public lands; the remaining allegations in this sentence are vague and therefore are denied.  The second sentence in this paragraph purports to characterize the content of Instruction Memorandum 2018-034, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations of the last sentence in this

Defendants' Answer to Plaintiffs' Complaint                                                      15

paragraph.  The allegations in the third sentence of this paragraph are vague and therefore are denied.

110.     Federal Defendants deny the allegations in this paragraph.

111.     Federal Defendants deny the allegations in this paragraph.

112.     Federal Defendants deny the allegations in this paragraph.

113.     Federal Defendants admit the allegations of the first and second sentences of this paragraph.  Federal Defendants deny the allegations in the third sentence of this paragraph.

114.     The allegations in this paragraph are vague and therefore are denied.

115.     Federal Defendants admit the allegations that in the Wyoming May 2016 lease sale, BLM deferred all or portions of 13 proposed leases, encompassing 12,226 acres.  The remaining allegations in this paragraph purpose to characterize a provision of the 2015 Sage-Grouse Plan Amendments, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language are denied.

116.     The allegations in this paragraph are vague and therefore are denied.

117.     The allegations in this paragraph are vague and therefore are denied.

118.     The allegations in this paragraph are vague and therefore are denied.

119.     Federal Defendants admit the allegations in this paragraph that BLM's lease offerings since the adoption of the Sage-Grouse Plan Amendments, including publicly announced future offerings for 2018, encompass an estimated 2.39 million acres across the range of the Greater sage-grouse.  The remaining allegations in this paragraph are vague and therefore are denied.

120.     The allegations in the first sentence of this paragraph are vague and therefore are denied.  Federal Defendants deny the allegations of the first sentence of this paragraph.  The

allegations in second sentence of this paragraph purport to characterize a news article which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

121.    Federal Defendants deny the allegations in this paragraph.

122.    Federal Defendants deny the allegations in this paragraph.

123.    Federal Defendants deny the allegations in this paragraph.

124.    Federal Defendants deny the allegations in this paragraph and aver that BLM leased 1,043,947 acres in calendar year 2017 up to March 2018.  BLM further avers that it leased 921,240 acres in calendar year 2016, and leased only leased 792,823 acres in 2017, without the including acreage leased March 2018 acres.

125.    The allegations of the first sentence in this paragraph are vague and therefore are denied.  The allegations of the second sentence in this paragraph purport to characterize the cited October 2017 report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.  Federal Defendants deny the allegations of the third sentence of this paragraph.

126.    The allegations in this paragraph are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

127.    The allegations in the first sentence of this paragraph are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants deny the allegations in the second sentence of this paragraph.

128.     The allegations in this paragraph are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

129.     Federal Defendants deny the allegations in this paragraph.

130.     Federal Defendants deny the allegations in this paragraph.

131.     The allegations in this paragraph purport to characterize the 2015 Sage-Grouse Plan Amendments which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

132.     Federal Defendants deny the allegations in this paragraph.

133.     Federal Defendants deny the allegations in this paragraph.

134.     The allegations in this paragraph are vague and therefore are denied.

135.     Federal Defendants deny the allegations in this paragraph.

136.     The allegations in the first sentence of this paragraph are vague and therefore are denied.  Federal Defendants deny the allegations in the second sentence of this paragraph.

137.     The allegations in this paragraph purport to characterize provisions of the Mineral Leasing Act of 120, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

138.     Federal Defendants deny the allegations in this paragraph.

139.     The allegations in the first sentence of this paragraph are vague and therefore are denied.  Federal Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and therefore they are denied.

140.     The allegations in the first sentence of this paragraph are vague and therefore are denied.  Federal Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore they are denied.

141.     The allegations in the first sentence of this paragraph purport to characterize unspecified provisions of the Mineral Leasing Act of 1920, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied. Federal Defendants deny the allegations of the second sentence in this paragraph.

142.     Federal Defendants deny the allegations in this paragraph.

143.     Federal Defendants deny the allegations in this paragraph.

144.     The allegations in this paragraph are characterizations of Plaintiffs' case to which no response is required.  To the extent a response is required, Defendants deny the allegations.

145.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

146.     The allegations in this paragraph are characterizations of Plaintiffs' case to which no response is required.  To the extent a response is required, Defendants deny the allegations.

147.     Federal Defendants deny the allegations in this paragraph.

148.     The allegations in this paragraph are characterizations of Plaintiffs' case to which no response is required.  To the extent a response is required, Defendants deny the allegations.

149.     The allegations in the first sentence of this paragraph are vague and therefore are denied.  Federal Defendants deny the allegations of the second sentence in this paragraph.   The allegations in the third sentence of this paragraph are characterizations of Plaintiffs' plans for

future litigation to which no response is required.  To the extent a response is required, Defendants deny the allegations.

150.    Federal Defendants deny the allegations in this paragraph and aver that in an Information Notice (#4) dated January 19, 2017, the BLM Wyoming State Office notified the public that it was splitting a single parcel (final parcel -127) into three parts since it included some lands in two communitization agreements (CA) as well as lands outside the CAs.  As a result, a total of 285 parcels were offered at the sale, not 283.  *See* https://go.usa.gov/xPrAQ.

151.    Federal Defendants admit the allegations of this paragraph and aver that the February 2017 competitive oil and gas lease sale also included several parcels that overlapped the Lander Field Office in the Wind River Bighorn Basin District and the Rawlins Field Office in the High Desert District jurisdictions so that the Rawlins RMP also applied to certain parcels in this sale.

152.    Federal Defendants admit the allegations in this paragraph.

153.    Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in remainder this paragraph purport to characterize comments on the February 2017 Wyoming BLM competitive oil and gas lease sale, which comments speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

154.    Federal Defendants deny the allegations in this paragraph and aver that BLM offered 184,792.90 acres at the February 2017 sale and 183,155.02 acres were sold. Federal Defendants further aver that Attachment 1 to the Decision Records for this sale discloses the final acreages in sage-grouse habitats were 17,225.17 acres in PHMA (Core); 2,903.20 acres in PHMA (connectivity); 164,626.52 in GHMA: and 40 acres in non-habitat.

155.     The allegations in the first sentence of this paragraph are vague and therefore are denied.  Federal Defendants deny the allegations of the second sentence in this paragraph and aver that all but one of the 275 parcels in the High Plains District offered at the sale (the remaining 10 parcels were located in the Wind River Bighorn Basin District) were partly or entirely located in designated sage-grouse management areas (PHMA and/or GHMA).  Of the 274 parcels in the High Plains District within sage-grouse management areas, 38 included lands that were partly or entirely in PHMA.  Of the 3 parcels that did not receive a bid at the sale, one was located in PHMA and GHMA, one was located entirely within GHMA, and one was a not located in PHMA or GHMA.

156.     Federal Defendants deny the allegations in this paragraph.

157.     Federal Defendants deny the allegations in this paragraph.

158.     Federal Defendants admit the allegations in this paragraph.

159.     Federal Defendants admit the allegations in this paragraph.

160.     Federal Defendants admit the allegations in this paragraph.

161.     Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in remainder of this paragraph purport to characterize comments on the June 2017 Montana BLM competitive oil and gas lease sale, which comments speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

162.     Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in remainder of this paragraph purport to characterize the content of the March 14, 2017 BLM environmental assessment, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

Defendants' Answer to Plaintiffs' Complaint                                                   21

163.     Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in remainder of this paragraph purport to characterize the contents of a protest of the June 2017 Montana BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

164.     Federal Defendants admit the allegations in this paragraph.

165.     Federal Defendants deny the allegations in the first sentence of this paragraph and aver that BLM offered 69,056 acres in the June 2017 Montana lease sale, of which 15,611.47 acres were sold at competitive auction. Federal Defendants admit the allegations of the second and third sentences of this paragraph.  Federal Defendants deny the allegations of the fourth sentence of this paragraph and aver that another 952 acres were offered and sold in RHMA/PHMA sage-grouse habitats. Federal Defendants deny the allegations of the fifth sentence of this paragraph and aver that 12,932 acres sold in the June 2017 Montana sale were within designated sage-grouse habitats under the Sage-Grouse Plan Amendments.

166.     Federal Defendants deny the allegations in this paragraph.

167.     Federal Defendants deny the allegations in this paragraph and aver that the June 2017 competitive oil and gas lease sale offered 26, not 28 parcels for sale.

168.     Federal Defendants admit the allegations in this paragraph.

169.     Federal Defendants admit the allegations in this paragraph.

170.      Federal Defendants admit the allegations of the first sentence of this paragraph. The allegations in the remainder of this paragraph purport to characterize the comments on the environmental assessment for the June 2017 Wyoming BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

Defendants' Answer to Plaintiffs' Complaint                                            22

171.     Federal Defendants admit the allegations of the first sentence of this paragraph. The allegations in remainder of this paragraph purport to characterize the contents of a protest of the June 2017 Wyoming BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

172.     Federal Defendants admit the allegations in this paragraph.

173.     Federal Defendants deny the allegations in this paragraph and aver that BLM offered 31,824.77 acres at the June 2017 of which 8,228.72 acres were located in PHMA and 23,596.05 acres in GHMA.

174.     Federal Defendants admit the allegations of the first sentence in this paragraph. The second and third sentences purport to characterize FWS's statement and research study, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

175.     Federal Defendants admit the allegations in the first, second, and third sentences of this paragraph.  Federal Defendants deny the allegations of the fourth sentence in this paragraph.

176.     Federal Defendants deny the allegations in this paragraph.

177.     Federal Defendants deny the allegations in this paragraph and aver that the Wyoming September 2017 competitive oil and gas lease sale analyzed a total of 158 nominated parcels for the sale, of which 141 parcels were offered and 125 of these parcels were located in the BLM High Plains District and 16 in the Wind River Bighorn Basin District, and further avers that no parcels numbered WY-1708-155 through WY-1708-174 were offered at this sale.

178.     Federal Defendants admit the allegations in this paragraph.

179.     Federal Defendants admit the allegations in this paragraph.

180.    The allegations in the first sentence of this paragraph are vague and therefore are denied.  The allegations in the second sentence of this paragraph purport to characterize an unidentified BLM statement, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.  Federal Defendants aver that for this High Plains District portion of the September 2017 competitive oil and gas lease sale, 38 parcels were located partially or entirely within PHMA and 88 parcels were located partially or entirely within GHMA, and of the 17 parcels deferred for sage-grouse concerns only 14 of the 17 were based on prioritization decisions made by the BLM.

181.    Federal Defendants deny the allegations this paragraph.

182.    Federal Defendants deny the allegations of the first sentence in this paragraph and aver that the BLM received CBD's comments on the High Plains District EA on February 16, 2017, not January 6, 2017, as the EA was not released for public comment until January 17, 2017.  Federal Defendants further aver BLM never received any comments from WWP on the High Plains District EA or the Wind River Bighorn Basin EA. The allegations in this remainder of this paragraph purport to characterize certain of plaintiffs' February 16, 2017 comments on the environmental assessment for the September 2017 Wyoming BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

183.    Federal Defendants deny the allegations of the this paragraph and aver that BLM received only one protest, from WildEarth Guardians, of the September 2017 competitive oil and gas lease sale and further aver that the protest period did not begin until May 23, 2017, well after the February 16, 2017 date on which CBD is alleged to have submitted its protest.

184.    Federal Defendants deny the allegations in this paragraph and aver that CBD did not submit a protest of the September 2017 competitive oil and gas lease sale and the only protest of this sale that BLM dismissed was that of WildEarth Guardians.

185.    Federal Defendants deny the allegations in this paragraph and aver that BLM offered 112,820.78 acres at the September 2017 competitive oil and gas lease sale, of which 106,687.39 acres were sold as indicated by BLM's sale results posted at

https://go.usa.gov/xPYKW

186.    Federal Defendants admit the allegations in this paragraph.

187.    Federal Defendants admit the allegations in this paragraph.

188.    Federal Defendants admit the allegations in this paragraph.

189.    Federal Defendants admit the allegations of the first sentence of this paragraph. The remainder of this paragraph purports to characterize certain of plaintiffs' May 1, 2017 comments on the environmental assessment for the September 2017 Utah BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

190.    Federal Defendants admit the allegations in this paragraph.

191.    Federal Defendants admit the allegations of the first sentence of this paragraph. The remainder of this paragraph purports to characterize the contents of protests of an the September 2017 Utah BLM competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

192.    Federal Defendants admit the allegations in this paragraph.

193.    Federal Defendants admit the allegations in this paragraph.

194.    Federal Defendants admit the allegations in this paragraph.

195.    The allegations in this paragraph purport to characterize the COT report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

196.    Federal Defendants admit that the referenced environmental assessment and finding of no significant impact supported the approval of the September 2017 Utah lease sale. The remainder in this paragraph purports to characterize the referenced environmental assessment which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

197.    Federal Defendants admit the allegations in this paragraph.

198.    Federal Defendants admit the allegations in this paragraph and aver that the Interior Board of Land Appeals denied plaintiffs' petition for stay in the decision, *Western Watersheds Project et al*, 192 IBLA 72, December 6, 2017, finding that two of the plaintiff groups appealing the decision did not have standing (Western Watersheds Project and American Bird Conservancy) and that the third appellant, Center for Biological Diversity, did have standing to appeal but had not shown a likelihood of immediate and irreparable harm sufficient to justify a stay.  Federal Defendants further aver that after the IBLA's decision, the Center for Biological Diversity voluntarily withdrew its appeal leading to its dismissal.

199.    Federal Defendants admit the allegations in this paragraph.

200.    There is no paragraph 200 in the Complaint.

201.    Federal Defendants admit the allegations in this paragraph.

202.    The allegations of the first sentence in this paragraph purport to characterize certain of plaintiffs' August 10, 2017 comments on the environmental assessment for the December 2017 Montana BLM competitive oil and gas lease sale, which speaks for itself and is

the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.  The allegations of the second sentence are vague and therefore are denied.

203.    Federal Defendants admit the allegations of the first sentence of this paragraph. The remainder of this paragraph purports to characterize the contents of protests of an the December 2017 Montana BLM competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

204.    Federal Defendants admit the allegations in this paragraph.

205.    Federal Defendants deny the allegations in the first sentence of this paragraph and aver that the Montana December 2017 competitive oil and gas lease sale offered approximately 96,064 acres of GHMA and 2,917 acres of Restoration Habitat Management Areas (RHMA). Federal Defendants admit the allegations of the second sentence of this paragraph.

206.    Federal Defendants admit the allegations in the first and second sentences of this paragraph.  Federal Defendants deny the allegations in the third sentence of this paragraph.

207.    The allegations in this paragraph purport to characterize the content of BLM's response to comments, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

208.    The allegations in this paragraph are vague and therefore are denied.

209.    Federal Defendants admit the allegations in this paragraph.

210.    Federal Defendants admit the allegations in this paragraph.

211.    Federal Defendants admit the allegations in this paragraph.

212.    The allegations in this paragraph purport to characterize certain of plaintiffs' September 20, 2017 comments on the environmental assessment for the March 2018 Montana

BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning are denied.

213.    The allegations in this paragraph purport to characterize certain of plaintiffs' October 30, 2017 comments on the environmental assessment for the March 2018 Montana BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning are denied.

214.    Federal Defendants admit the allegations in this paragraph.

215.    The allegations in this paragraph purport to characterize the contents of protests of an the March 2018 Montana BLM competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

216.    The allegations in this paragraph purport to characterize the contents of protests of an the March 2018 Montana BLM competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

217.    Federal Defendants admit the allegations in this paragraph.

218.    Federal Defendants admit the allegations in this paragraph.

219.    Federal Defendants admit the allegations in this paragraph.

220.    Federal Defendants admit the allegations in this paragraph in the first sentence of this paragraph.  Federal Defendants deny the allegations of the second sentence of this paragraph and aver that in addition to the Lander RMP, the Bighorn Basin RMP (Cody and Worland Field Offices) and the Buffalo RMP were stand-alone revisions not amended by the Rocky Mountain ROD.

221.    Federal Defendants admit the allegations in this paragraph.

222.    Federal Defendants admit the allegations in this paragraph.

223.    The allegations in this paragraph purport to characterize the contents of protests of an the March 2018 Wyoming BLM competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

224.    Federal Defendants deny the allegations of the first sentence in this paragraph and aver that BLM offered 30,498.37 acres in GHMA and 116,562.04 acres in PHMA.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore they are denied.  BLM further avers that the High Plains District EA noted that "It is the position of HPD and the State of Wyoming that the stipulations applied to Parcel WY-181Q-054 would be sufficient to conserve sage-grouse and their habitats, and therefore this parcel will be offered in the First Quarter 2018 Competitive Oil & Gas Lease Sale."  Federal Defendants deny the allegations of the third sentence of this paragraph and aver that the sale results https://go.usa.gov/xPrJC show that 18 parcels did not received bids at this sale and were not sold. Federal Defendants deny the allegations of the last sentence in this paragraph.

225.    Federal Defendants admit the allegations in this paragraph and further aver that the protest decision was signed and dated March 19, 2018.

226.    The allegations in this paragraph are characterizations of Plaintiffs' Complaint to which no response is required.  To the extent a response may be required, the allegations are denied.

227.     Federal Defendants deny the allegations in this paragraph and aver that of the 72,588.46 acres offered at the Wyoming December 2017 competitive oil and gas lease sale, 38,828.39 acres were offered in PHMA, and 33,760.07 acres were offered in GHMA.

228.     The allegations in this paragraph purport to characterize the content of BLM's environmental assessment for the Wyoming December 2017 competitive oil and gas lease sale, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

229.     Federal Defendants admit the allegations in the first two sentences of this paragraph.  The allegations in the third sentence purport to characterize the content of BLM's environmental assessment for the Nevada March  2017 competitive oil and gas lease sale, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

230.     Federal Defendants deny the allegations in this paragraph.

231.     Federal Defendants admit the allegations in this paragraph.

232.     Federal Defendants admit the allegations in this paragraph.

233.     The allegations in this paragraph purport to characterize the content of plaintiffs' December 20, 2017 protest to the environmental assessment for the Wyoming competitive oil and gas lease sale, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

234.     Federal Defendants deny the allegations in this paragraph and aver that Idaho tract analyzed for leasing was deferred from the March 2018 lease sale to allow BLM to conduct further review of whether it will offer this tract in the future.

235.     Federal Defendants admit the allegations in this paragraph.

236.     The allegations in this paragraph purport to characterize the content of BLM's March 27, 2018 environmental assessment, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

237.     The allegations in this paragraph purport to characterize the content of BLM's final environmental impact statement for the Idaho and Southwestern Montana Sage-Grouse Plan Amendment, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

238.     The allegations in this paragraph purport to characterize the content of BLM's March 27, 2018 environmental assessment, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

239.     The allegations in this paragraph purport to characterize a BLM announcement regarding potential offering of the Idaho tract, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.  Federal Defendants further aver that the Idaho tract was not offered for sale at the June 2018 Utah lease sale.

240.     The allegations in this paragraph purport to characterize the content of the Court's decision in *W. Watersheds Project v. Salazar*, No. 08-cv-516-BLW, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

241.     The allegations in this paragraph purport to characterize a description of the Normally Pressured Lance Project in a hearing transcript in *W. Watersheds Project v. Salazar*, No. 08-cv-516-BLW, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

Defendants' Answer to Plaintiffs' Complaint                                                31

242.     Federal Defendants admit that the Normally Pressured Lance Project is located near the Pinedale Anticline and Jonah oil and gas projects; the remainder of the allegations in this paragraph are vague and therefore are denied.

243.     Federal Defendants admit the allegation in the first sentence of this paragraph that some sage-grouse winter concentration areas are located within the Normally Pressured Lance Project boundaries.  Federal Defendants deny the allegations in the second sentence and aver that there is no "Land field" and the "Path of the Pronghorn" has not been identified by the Wyoming Game and Fish Department as a wildlife migration corridor within the Normally Pressured Lance Project boundaries.

244.     Federal Defendants admit the allegations in this paragraph.

245.     Federal Defendants admit the allegations in this paragraph.

246.     The allegations in this paragraph purport to characterize the content of draft environmental impact statement for the Normally Pressured Lance Project which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

247.     The allegations in this paragraph purport to characterize the content of draft environmental impact statement for the Normally Pressured Lance Project which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

248.     The allegations in this paragraph purport to characterize the content of the draft environmental impact statement for the Normally Pressured Lance Project which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

249.     Federal Defendants deny the allegations and aver that the Center for Biological Diversity and Western Watersheds Project submitted timely comments on the draft environmental impact statement on November 20, 2017.  The remaining allegations in this

paragraph purport to characterize the content of comments on the draft environmental impact statement for the Normally Pressured Lance Project, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain meaning are denied.

250.    Federal Defendants deny the allegations in this paragraph and aver that the BLM Wyoming State Director issued a Record of Decision for the Normally Pressured Lance Project on August 27, 2018.

251.    Federal Defendants admit the allegations in this paragraph.

252.    Federal Defendants admit the allegations in this paragraph.

253.    The allegations in this paragraph purport to characterize the content of the draft environmental assessment for the June 2018 Nevada BLM competitive oil and gas lease sale, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain meaning are denied.

254.    Federal Defendants admit the allegations of the first and second sentences of this paragraph.  Federal Defendants deny the allegations in the third sentence.

255.    The allegations in this paragraph purport to characterize the contents of the Nevada state Sage Grouse Conservation Plan for South Central Nevada, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

256.    Federal Defendants admit the allegations in the first sentence of paragraph 256. The remaining allegations in this paragraph purport to characterize plaintiffs' February 14, 2018 comments on the environmental assessment for the June 2018 Nevada BLM competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

257.     Federal Defendants admit the allegations in the first sentence of this paragraph and aver that on June 12, 2018 the BLM Nevada State Office held a lease sale where 166 parcels were offered for sale and 22 parcels received bids and leases were issued.  Federal Defendants deny the allegations in the second sentence in this paragraph.

258.     Federal Defendants admit the allegations in this paragraph.

259.     The allegations in this paragraph purport to characterize the contents of the leasing environmental assessments for the September 2018 Utah competitive oil and gas lease sales, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

260.     The allegations of the first sentence in this paragraph are vague and therefore are denied.  Federal Defendants deny the allegations in the second sentence of this paragraph.

261.     The allegations in this paragraph purport to characterize the contents of the BLM Salt Lake and Price Resource Management Plans, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

262.     The allegations in the first sentence of this paragraph purport to characterize the contents of the Salt Lake environmental assessment for the September 2018 Utah competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.  Federal Defendants deny the allegations in the second sentence of this paragraph.

263.     The allegations in the first sentence of this paragraph purport to characterize the contents of the Salt Lake environmental assessment for the September 2018 Utah competitive oil and gas lease sale, which speak for themselves and are the best evidence of their contents.  Any

allegations contrary to the plain meaning are denied.  Federal Defendants deny the allegations in the second sentence of this paragraph.

264.    Federal Defendants admit the allegations in the first sentence of this paragraph. Federal Defendants deny the allegations in the second sentence of this paragraph.

265.    Federal Defendants admit the allegations in this paragraph.

266.    Federal Defendants admit the allegations in this paragraph.

267.    The allegations of the this paragraph purport to characterize the contents of the Notice of Intent to prepare a draft environmental impact statement for the Converse County Project, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

268.    Federal Defendants admit the allegations in this paragraph.

269.    The allegations in this paragraph purport to characterize the contents of January 26, 2018 draft environmental impact statement for the Converse County Project, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

270.    The allegations of the first, second, and third sentences of this paragraph purport to characterize the contents of the January 26, 2018 draft environmental impact statement for the Converse County Project, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning are denied.  The allegations in the fourth sentence are vague and therefore are denied.

271.    The allegations in this paragraph purport to characterize the contents of the January 26, 2018 draft environmental impact statement for the Converse County Project, which

speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

272.     Federal Defendants admit the allegations in this paragraph.

273.     The allegations in this paragraph purport to characterize the contents of plaintiffs' comments on the January 26, 2018 draft environmental impact statement for the Converse County Project, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

274.     The allegations in this paragraph purport to characterize the contents of the Forest Service's current Schedule of Planned Actions for the Medicine Bow-Routt National Forest and Thunder Basin National Grassland, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning are denied.

275.     Federal Defendants deny the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

276     Federal Defendants incorporate their answers to all of the preceding allegations by reference.

277.     Federal Defendants deny the allegations in this paragraph.

278.     The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq*., which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

279.     The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

280.    The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

281.    The allegations in this paragraph purport to characterize provisions of the sage-grouse plan amendments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

282.    Federal Defendants deny the allegations in this paragraph.

283.    Federal Defendants deny the allegations in this paragraph.

284.    Federal Defendants deny the allegations in this paragraph.

**SECOND CLAIM FOR RELIEF**

285.    Federal Defendants incorporate their answers to all of the preceding allegations by reference.

286.    Federal Defendants deny the allegations in this paragraph.

287.    There is no paragraph 287 in Plaintiffs' Complaint.

288.    Federal Defendants deny the allegations in this paragraph.

289.    The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

290.    The allegations in this paragraph purport to characterize the contents of BLM's National Greater Sage-Grouse Planning Strategy environmental impact statements and records of decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

291.    Federal Defendants deny the allegations in this paragraph.

Defendants' Answer to Plaintiffs' Complaint                                              37

292.    Federal Defendants deny the allegations in this paragraph.

293.    Federal Defendants deny the allegations in this paragraph.

**THIRD CLAIM FOR RELIEF**

294.    Federal Defendants incorporate their answers to all of the preceding allegations by reference.

295.    Federal Defendants deny the allegations in this paragraph.

296.    The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

297.    The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

298.    The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

299.    The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

300.     The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

301.     The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

302.     The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

303.     The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

304.     Federal Defendants deny the allegations in this paragraph.

304.     Federal Defendants deny the allegations in this paragraph.

306.     Federal Defendants deny the allegations in this paragraph.

307.     Federal Defendants deny the allegations in this paragraph.

## FOURTH CLAIM FOR RELIEF

308.     Federal Defendants incorporate their answers to all of the preceding allegations by reference.

309.    Federal Defendants deny the allegations in this paragraph.

310.    The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

311.    The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.*, and its implementing regulations at 43 C.F.R. Part 1600, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

312.    The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.*, and its implementing regulations at 43 C.F.R. Part 1600, and Interior Board of Land Appeals and Federal Circuit Court decisions which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

313.    The allegations in this paragraph purport to characterize provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, Council on Environmental Quality regulations at 40 C.F.R. Part 1500, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

314.    The allegations in this paragraph purport to characterize provisions of Department of Interior regulations at 43 C.F.R. 3120.1-3, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

315.    The allegations in this paragraph purport to characterize the content of BLM Instruction Memorandum IM 2018-034, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

316.    The allegations in this paragraph purport to characterize the content of BLM Instruction Memorandum IM 2018-034, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

317.    Federal Defendants deny the allegations in this paragraph.

318.    Federal Defendants deny the allegations in this paragraph.

### FIFTH CLAIM FOR RELIEF

319.    Federal Defendants incorporate their answers to all of the preceding allegations by reference.

320.    Federal Defendants deny the allegations in this paragraph.

321.    The allegations in this paragraph purport to characterize provisions of the Administrative Procedure Act, 5 U.S.C. § 553, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

322.    Federal Defendants deny the allegations in this paragraph.

323.    Federal Defendants deny the allegations in this paragraph.

324.    Federal Defendants deny the allegations in this paragraph.

325.    Federal Defendants deny the allegations in this paragraph.

### SIXTH CLAIM FOR RELIEF

326.    Federal Defendants incorporate their answers to all of the preceding allegations by reference.

327.    Federal Defendants deny the allegations in this paragraph.

328.    The allegations in this paragraph purport to characterize provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.*, and its implementing regulations at 43 C.F.R. Part 1600, and Interior Board of Land Appeals and Federal Circuit Court decisions

which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

329.    The allegations in this paragraph purport to characterize provisions of the Administrative Procedure Act, 5 U.S.C. § 553, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

330.    Federal Defendants deny the allegations in this paragraph.

331.    Federal Defendants deny the allegations in this paragraph.

**PRAYER FOR RELIEF**

The remaining paragraphs in this Complaint consist of Plaintiffs' prayer for relief, to which no response is required.  Federal Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

Federal Defendants assert the following defenses to the claims made in Plaintiff's Complaint:

1.  The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

2.  Plaintiff lacks standing to bring some or all of their claims.

3.  Plaintiff lacks prudential standing to bring some or all of their claims.

4.  Some or all of Plaintiffs' claims are not ripe for review.

5.  Some or all of Plaintiff's claims are not reviewable under the Administrative Procedure Act because Plaintiff fails to challenge final agency action.

6. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that justice may require.

Respectfully submitted this 26th day of September, 2018,

> BART M. DAVIS, Idaho Bar No. 2696
> United States Attorney
>
> CHRISTINE G. ENGLAND, California Bar No. 261501
> Assistant United States Attorney
> District of Idaho
> Washington Group Plaza IV
> 800 East Park Boulevard, Suite 600
> Boise, Id 83712-7788
> Telephone: (208) 334-1211
> Facsimile:   (208) 334-1414
> E-mail: Christine.England@usdoj.gov
>
> JEFFREY H. WOOD
> Acting Assistant Attorney General
>
> JOHN S. MOST, Virginia Bar No. 27176
> U.S. Department of Justice
> Environment and Natural Resources Division
> Natural Resources Section
> P.O. Box 7611
> Washington, DC 20044
> Tel: (206) 724-7386; Fax: (206) 526-6665
> E-mail: John.Most@usdoj.gov
>
>
> /s/ Luther L. Hajek_____
> LUTHER L. HAJEK, Colorado Bar No. 44303
> U.S. Department of Justice
> Environment and Natural Resources Division
> Natural Resources Section
> 999 18th Street
> South Terrace, Suite 370
> Denver, CO 80202
> Tel: (303) 844-1376; Fax: (303) 844-1350
> E-mail: Luke.Hajek@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2018, I filed a copy of the foregoing Defendants' Answer to Plaintiffs' Complaint [ECF No. 1] electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

<u>Attorneys for Plaintiffs Western Watersheds Project and Center for Biological Diversity</u>

Laurence J. Lucas
llucas@advocateswest.org

Talasi B. Brooks
tbrooks@advocateswest.org

Todd C. Tucci
ttucci@advocateswest.org

<u>Counsel for Intervenor-Defendant State of Wyoming</u>

Erik Edward Petersen
erik.petersen@wyo.gov

Michael M. Robinson
mike.robinson@wyo.gov

Paul A. Turcke
pat@msbtlaw.com

<u>Counsel for Intervenor-Defendant Western Energy Alliance</u>

Bret A. Sumner
bsumner@bwenergylaw.com

*/s/ Luther L. Hajek*
Luther L. Hajek

Defendants' Answer to Plaintiffs' Complaint                    45