Laurence ("Laird") J. Lucas (ISB # 4733)
llucas@advocateswest.org
Todd C. Tucci (ISB # 6526)
ttucci@advocateswest.org
Talasi B. Brooks (ISB # 9712)
tbrooks@advocateswest.org
Sarah Stellberg (ISB #10538)
sstellberg@advocateswest.org
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) ) | No. 01:18-cv-187-REB |
| *Plaintiffs*, | ) ) | **JOINT PROPOSED LITIGATION PLAN** |
| v. | ) ) | |
| RYAN K. ZINKE, Secretary Of Interior; DAVID BERNHARDT, Deputy Secretary of Interior; and UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the United States, | ) ) ) ) ) ) | |
| *Defendants*, | ) ) | |
| STATE OF WYOMING, and WESTERN ENERGY ALLIANCE, | ) ) ) | |
| *Defendant-Intervenors.* | ) | |

Plaintiffs, Federal Defendants, and Intervenor-Defendants respectfully submit the following Proposed Litigation Plan for the Court's consideration at the litigation scheduling conference set for October 30, 2018:

JOINT PROPOSED LITIGATION PLAN --   1

**PRESIDING JUDGE**: Magistrate Judge Bush (all parties have consented to Magistrate Judge)

**DATE OF CASE MANAGEMENT CONFERENCE**: October 30, 2018

**CASE NO:** 1:18-cv-00187  **NATURE OF SUIT:** 893 Environmental Matters

**CASE NAME**:  *Western Watersheds Project et al v. Zinke et al*

**PARTY SUBMITTING PLAN:**
   ☒ Plan **has been** stipulated to by all parties.
   ☐ Plan **has not been** stipulated to, but is submitted by:

1. **CASE MANAGEMENT TRACK**:

   ☒ **Legal Track** – The parties agree that this is an APA case for judicial review of final agency actions, to be resolved upon the Administrative Record and motions for summary judgment, rather than trial.

   See Proposed Litigation Schedule, below.

2. **DISCOVERY.** Because this case involves judicial review of agency action under the APA and will be resolved by dispositive motions rather than trial, the parties agree that there is no need for a discovery plan or to establish dates for discovery cut-off, expert disclosures, or trial. If any party subsequently determines that it might need discovery for any purpose, that party will make a motion for leave of the Court to conduct such discovery.

3. **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE:** January 30, 2019

4. **ALTERNATE DISPUTE RESOLUTION OPTIONS** - The parties agree that this case is not suitable for mediation at this stage of the proceedings.

5. **TRIAL DATE:** N/A (APA judicial review case with no trial)

6. **PROPOSED LITIGATION SCHEDULE:**

   **Background:** On September 4, 2018, the Court denied Federal Defendants' motion to sever and transfer.  *See* ECF No. 66.  On September 21, 2018, the Court granted Plaintiffs' motion for preliminary injunction and issued a Preliminary Injunction prohibiting Federal Defendants from implementing certain provisions in Instruction Memorandum 2018-034 with respect to future oil and gas lease sales in greater sage-grouse habitat.  *See* ECF No. 74. On September 24, 2018, Plaintiffs posted the $10,000 injunction bond required by the Preliminary Injunction order. *See* ECF Nos. 75-76.

On October 17, 2018, Plaintiffs filed their First Amended Complaint, updating the "Final Actions" challenged in this case relating to oil and gas leasing and development in sage-grouse habitats. *See* ECF No. 78. These included adding challenges to the June and September 2018 oil and gas lease sales as well as the August 2018 approval of the Normally Pressured Lance project. *Id.*

Defendants and Defendant-Intervenors shall file responses to the First Amended Complaint by **November 16, 2018**.

Because briefing in connection with the Preliminary Injunction Order has already addressed substantial aspects of the validity of IM 2018-034, The parties propose to move quickly to adjudicate the merits of Plaintiffs' Fourth and Fifth Claims for Relief challenging IM 2018-034 facially, and as applied to the June and September 2018 oil and gas lease sales in Nevada, the June and September 2018 oil lease sales in Wyoming, and the September 2018 lease sale in Utah, through "Phase One" partial summary judgment proceedings, after Federal Defendants file the relevant Administrative Records materials.

The parties further agree that neither party will oppose a motion to certify the Court's decision on the "Phase One" partial summary judgment motions for interlocutory appeal pursuant to F.R.Civ.P. 54(b).

The parties also propose that Administrative Record materials be separately filed for Plaintiffs' remaining claims and the record settled for the remaining claims, to be resolved through subsequent "Phase Two" partial summary proceedings.

The parties will continue to discuss how to potentially limit the scope of the "Phase Two" summary judgment proceedings – such as by agreeing to move forward with some (but not all) of the Final Actions identified in the First Amended Complaint, taking into account other pending litigation in the District of Montana, in the hope of conserving judicial and party resources and avoiding unnecessary litigation.

The parties thus propose that the following Litigation Schedule be adopted by the Court to implement this approach:

A. **Phase One Summary Judgment:**

- Administrative Record

    - Federal Defendants shall file the Administrative Record for IM 2018-034 and the administrative records for the five lease sales subject to Plaintiffs' as applied challenge to IM 2018-034 (the June 2018 Nevada, September 2018 Nevada, June 2018 Wyoming, September 2018 Wyoming, and September 2018 Utah lease sales), under the Fourth and Fifth Claims for Relief, on or before **January 30, 2019**.

- o The parties shall notify Federal Defendants (with a copy to all parties) of any objections to the "Phase One" Administrative Record by **February 25, 2019**.

- o If the parties' objections to the Administrative Record are not resolved, parties shall file any motion challenging the "Phase One" Administrative Record by **March 11, 2019**.

- o If any motions regarding the administrative record are filed, the summary judgment briefing schedule set forth below shall be tolled pending the resolution of such motions. Assuming that no such motions are filed, the Phase One partial summary judgment briefing shall apply:

- <u>Summary Judgment</u>

  - o Plaintiffs' shall file their Phase One partial summary judgment motion and opening brief by **March 22, 2019.**

  - o Federal Defendants shall file their cross-motion for summary judgment on the Fourth and Fifth Claims for Relief and combined[1] opening/response brief by **May 1, 2019**.

  - o In accordance with the Court's order on intervention, Intervenor-Defendants shall file their joint response brief and any cross-motions for summary judgment[2] by **May 15, 2019**.

  - o Plaintiffs shall file their combined response/reply brief by **June 5, 2019**.

  - o Federal Defendants shall file their reply briefing by **June 19, 2019**.

  - o Intervenor-Defendants shall file their reply briefing by **July 1, 2019.**

---

[1] Intervenor-Defendants intend to file a motion requesting modification of the Court's Memorandum Decision and Order re: State of Wyoming's Motion to Intervene and Western Energy Alliance's Motion to Intervene. (ECF 54). That Order currently requires joint briefing and that Intervenor-Defendants' deadlines be set two weeks after the filing of Federal Defendants' briefs. Intervenor-Defendants will file that motion prior to the October 30, 2018 Telephonic Conference. Defendant-Intervenors, therefore, consent only to the briefing schedule, and not to the filing of joint briefs.

[2] Plaintiffs seek clarification as to whether, under the Court's Memorandum Decision and Order re: State of Wyoming's Motion to Intervene and Western Energy Alliance's Motion to Intervene (ECF 54), Intervenors may submit cross-motions for summary judgment, whether such motions must be limited to arguments not made by Federal Defendants to avoid unnecessary duplication, and what page limits will apply to the briefs.

JOINT PROPOSED LITIGATION PLAN --   4

B. **Phase Two Summary Judgment:**

- <u>Plaintiffs</u> propose that the parties continue to meet and confer about which Final Actions will be litigated in Phase Two and propose a schedule for the Court at a later date. However, to maintain forward momentum and ensure that the summary judgment briefing on Phase Two can proceed expeditiously once Phase One is complete, Plaintiffs propose that this first Case Management Order set a reasonable deadline(s) for Federal Defendants' production of the Phase Two Administrative Record.

- <u>Federal Defendants</u> propose that after the records for IM 2018-034 and the five lease sales have been prepared the parties meet and confer regarding the actions that will be litigated in phase two and a schedule for compiling a record for those actions. Plaintiffs challenge IM 2018-026, eight additional lease sales, and the Normally Pressured Lance Natural Gas Development Project. Federal Defendants do not believe that claims regarding all of those actions can be litigated in one round of summary judgment. Therefore, Federal Defendants propose that the parties meet and confer to decide which of those action will be litigated in phase two and then prepare the records for those actions.

- <u>Intervenor-Defendants</u> concur with Federal Defendants' Proposal.

C. **Potential Injunction Motion(s) and/or Motion for Other Relief:**

The parties reserve the right to seek additional preliminary injunctive relief or other relief from the Court as they may deem necessary, including over implementation of any of the Final Actions challenged in the First Amended Complaint, such as BLM approval of oil/gas drilling or other surface disturbance affecting greater sage-grouse from the challenged oil/gas leases and development projects identified in the First Amended Complaint.

Dated this 24th day of October, 2018.

Respectfully submitted,

*/s/ Sarah Stellberg*
Laurence ("Laird") J. Lucas (ISB # 4733)
Todd C. Tucci (ISB # 6526)
Talasi B. Brooks (ISB #9712)
Sarah Stellberg (ISB #10538)
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
Tel: (208) 342-7024; Fax: (208) 342-8286

*Attorneys for Plaintiffs*

BART M. DAVIS (ISB # 2696
United States Attorney
CHRISTINE ENGLAND, CA Bar # 261501
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, Id 83712-7788
Tel: (208) 334-1211; Fax: (208) 334-1414

JEFFREY H. WOOD
Acting Assistant Attorney General
JOHN S. MOST, Virginia Bar No. 27176
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 724-7386; Fax: (202) 526-6665

*/s/ Luke Hajek*
LUTHER L. HAJEK, CO Bar No. 44303
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376; Fax: (303) 844-1350
Luke.Hajek@usdoj.gov

*Attorneys for Defendants*

*/s/ Bret Sumner*
Bret Sumner, *Pro Hac Vice*
BEATTY & WOZNIAK, P.C.
216 Sixteenth St., Suite 1100
Denver, CO 80202-5115
Tel: 303-407-4499; Fax: 800-886-6566
bsumner@bwenergylaw.com

*/s/ Paul Turke*
Paul A. Turcke (ISB No. 4759)
MSBT Law, Chtd.
7699 West Riverside Drive
Boise, ID 83714
Tel: (208) 331-1800; Fax: (208) 331-1202
pat@msbtlaw.com

*Attorneys for Western Energy Alliance*

*/s/ Mike Robinson*
Michael M. Robinson
Erik E. Petersen, WSB No. 7-5608
Michael M. Robinson, WSB No. 6-2658
Senior Assistant Attorneys General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002

*/s/ Paul Turke*
Paul A. Turcke (ISB No. 4759)
MSBT Law, Chtd.
7699 West Riverside Drive
Boise, ID 83714
(208) 331-1800 (phone)
(208) 331-1202 (fax)
pat@msbtlaw.com

*Attorneys for the State of Wyoming*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2018, I electronically filed the foregoing JOINT PROPOSED LITIGATION PLAN with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing (NEF) to the following persons who are counsel for opposing parties in this matter:

**Counsel for Federal Defendants**

John Shaughnessy Most
U.S. Dept. of Justice
john.most@usdoj.gov

Luther L. Hajek
U.S. Dept. of Justice
luke.hajek@usdoj.gov

**Counsel for Intervenors**
**State of Wyoming & Western Energy Alliance**

Erik Edward Petersen
erik.petersen@wyo.gov

Michael M. Robinson
mike.robinson@wyo.gov

Paul A. Turcke
pat@msbtlaw.com

Bret A. Sumner
bsumner@bwenergylaw.com


*/s/  Sarah Stellberg*