Bret Sumner, *Pro Hac Vice*
BEATTY & WOZNIAK, P.C.
216 Sixteenth St., Suite 1100
Denver, CO 80202-5115
Telephone: 303-407-4499
Fax: 800-886-6566
Email: bsumner@bwenergylaw.com

Paul A. Turcke, ISB #4759
MSBT LAW
7699 West Riverside Drive
Boise, ID 83714
Telephone: 208-331-1800
Fax: 208-331-1202
Email: pat@msbtlaw.com

Attorneys for Defendant-Intervenor Western Energy Alliance

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**RYAN K. ZINKE,** Secretary of the Interior, *et al.*,<br><br>Defendants,<br><br>**WESTERN ENERGY ALLIANCE**,<br><br>Defendant-Intervenor. | Case No. 1:18-cv-00187-REB<br><br>**JOINT MOTION AND MEMORANDUM IN SUPPORT TO MODIFY MEMORANDUM DECISION AND ORDER RE: STATE OF WYOMING'S MOTION TO INTERVENE AND WESTERN ENERGY ALLIANCE'S MOTION TO INTERVENE [DKT. 54]** |

## INTRODUCTION

Defendant-Intervenor Western Energy Alliance ("Alliance") and Defendant State of Wyoming ("Wyoming") jointly and respectfully move this Court to modify its Memorandum Decision and Order re: State of Wyoming's Motion to Intervene and Western Energy Alliance's Motion to Intervene [Dkt. 54] to eliminate the second and third restrictions on intervention

requiring Wyoming and Alliance to: file joint briefs; and that Intervenor-Defendants limit their briefing "to issues not addressed in Federal Defendants' briefing."

## FACTUAL BACKGROUND

On June 1, 2018 and June 15, 2018, respectively, Defendant-Intervenors Wyoming and Alliance moved to intervene in this case. On August 14, 2018, this Court held oral argument on Federal Defendants' Motion to Sever and Transfer. Dkt. 12. At the August hearing, the Court had not yet granted Defendant-Intervenors' Motions to Intervene.

At that hearing, counsel for Plaintiffs noted that he did not oppose Defendant-Intervenors' motions, but requested that this Court place several restrictions on Defendant-Intervenors' involvement in the case should the Court grant intervention, and engaged in argument as to why such restrictions were appropriate.

Because this Court had not yet granted Defendant-Intervenors' motions to intervene, Defendant-Intervenors did not have the opportunity to respond to Counsel's statements regarding restrictions on their participation in the present litigation. On August 21, 2018, this Court granted both Wyoming and Alliance's motions to intervene, finding that both Wyoming and Alliance "meet all the requirements for intervention as of right. . . ." Dkt. 54 at 6. In granting intervention as of right, this Court incorporated restrictions on Defendant-Intervenors' involvement in the case, purportedly to protect against redundancy, including the requirements that Defendant-Intervenors file joint briefs and restrict their "issues" to those issues not raised by Federal Defendants.

## LEGAL STANDARD

Intervenors of right "assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted." *District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985). Parties that intervene as of right, "enter

the suit with the status of original parties." *United States v. Oregon*, 657 F.2d 1009, 1014 (9th Cir. 1981). Consequently, courts generally do not impose conditions on an intervenor as of right. *See* 7C Wright, Miller & Kane §1922.

However, a court does have the power under F.R.C.P. 16 to, among other things, manage its case to expedite disposition. Where courts have relied on Rule 16 to impose restrictions to parties intervening as of right, those limitations "have been purely 'reasonable conditions of a housekeeping nature.'" *Fla. Med. Ass'n, Inc. v. Dept. of Health, Educ. & Welfare*, 2011 WL 4459926 at *5 (M.D. Fla. 2011) (quoting *Columbus–America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992) and citing *Murphy v. Towmotor Corp.*, 642 F. Supp. 22, 24 (N.D. Ill. 1985)). Put simply, "[a]ny conditions imposed should be designed to ensure the fair, efficacious, and prompt resolution of the litigation." *Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15 (D.D.C. 2016)

In addition, states involved in federal litigation usually operate as a special class of litigants. Courts consistently recognize that "states are not normal litigants for the purposes of invoking federal jurisdiction," and that states hold a special position in the federal system. *See, e.g.*, *Massachusetts v. EPA*, 549 U.S. 497, 518-19 (2007). As a consequence, many courts specifically exempt states and other governmental entities from joint briefing requirements by rule. *See D.C. Cir. R. 28(d)(4)* ("Intervenors on the same side must join in a single brief to the extent practicable. This requirement does not apply to a governmental entity.")

**ARGUMENT**

This Court found that Wyoming and Alliance each met the standard for intervention as of right, as relevant here, that: (1) each Defendant-Intervenor had a significantly protectable interest related to the subject of the action, (2) that the disposition of this action may impair or impede that party's ability to protect that interest, and (3) that the applicant's interest would not be

adequately represented by existing parties. Dkt. 54 at 2-3, 6. Thus, this Court has already found, at least as to the standard for intervention, that each Defendant-Intervenor has a significantly protectable interest in the outcome of this action that would not be adequately represented by each other or by Federal Defendants.

In this light, limiting Defendant-Intervenors' participation to only those arguments the Federal Government declines to make, binding Defendant-Intervenors to the issues and arguments raised by the Federal Government (whether made properly with respect to Defendant-Intervenors' unique interests or not), and requiring Wyoming and Alliance to present combined arguments to the Court regardless of their distinct and independent interests, are not "reasonable conditions of a housekeeping nature." Rather, these limitations are substantive restrictions on Defendant-Intervenors' participation that will significantly impair each Intervenor-Defendant its right to procedural due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotations omitted).

Defendant-Intervenors cannot participate in a meaningful manner if they are limited to the presentation of only those issues the Federal Defendants have deemed unworthy or less-persuasive, or if forced to accept the Federal Government's presentation of any particular issue without the ability to separately apprise the Court of their unique interest or perspective as related to that issue.

Defendant-Intervenors do not seek to burden the Court or the parties with unnecessary or duplicative filings. Defendant-Intervenors intend to adopt as appropriate the portions of the other parties' procedural and factual summaries and arguments. In addition, Defendant-Intervenors do not intend to waste the Court's time in rehashing issues adequately addressed by the other

parties. The phased briefing currently imposed by the Court will further enable such de-duplication.

However, Defendant-Intervenors must be given the opportunity to make their own decisions about how best to defend their independent and unique interests. This Court recognized that "only Wyoming and WEA are uniquely capable of explaining how any potential ruling will affect a state's economy and the property interests of a private trade association that are both heavily dependent on oil and gas production/leasing." Dkt. 54 at 6. They cannot explain these issues fully and completely if they are precluded from touching on issues addressed by Federal Defendants if Federal Defendants do not come at that issue from Defendant-Intervenors' unique perspective. Therefore, to be afforded due process, Wyoming and Alliance must be able to argue to the court how their unique interests will be affected by any decision, even if these arguments stem from the same issue as argued by Federal Defendants.

Moreover, Defendant-Intervenors fail to see how the Court would benefit from being less than fully informed about this matter. While multiple briefs may ask for the same relief, note some of the same facts, and rely on similar legal authority, they are rarely carbon copies of each other. Each Intervenor-Defendant will be uniquely impacted by Plaintiffs' requested relief if this Court grants that relief, and this Court will therefore benefit from hearing how that relief would implicate each Intervenor-Defendant. In the rare event that this Court would not benefit, it is fully capable of disregarding arguments it finds duplicative.

## CONCLUSION

This Court granted Defendant-Intervenors' motions to intervene as of right because it recognized each Defendant-Intervenors' unique interests in this case, and that such interests may not be adequately represented by Federal Defendants or the other Intervenor-Defendant. Therefore, Defendant-Intervenors must be granted full due process to protect these distinct and

independent interests. Consecutive briefing and coordination between Defendant-Intervenors is adequate to meet this Court's goal of efficient disposition.

WHEREFORE, good cause existing, Alliance and Wyoming respectfully pray that the Court grant this Joint Motion, and modify its Order [Dkt. 54] to remove the requirement that Intervenor-Defendants limit their briefing to issues not addressed by Federal Defendants and that Intervenor-Defendants be required to consolidate briefing.

Respectfully submitted this 26th day of October, 2018.

*/s Bret Sumner*
Bret Sumner
*Pro Hac Vice*

*Counsel for Defendant-Intervenor Western Energy Alliance*

*/s/ Michael Robinson*
Michael Robinson

*Counsel for Defendant State of Wyoming*

*/s/ Paul Turcke*
Paul Turcke

*Local Counsel for Intervenor-Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2018, I caused the foregoing JOINT MOTION TO MODIFY MEMORANDUM DECISION AND ORDER RE: STATE OF WYOMING'S MOTION TO INTERVENE AND WESTERN ENERGY ALLIANCE'S MOTION TO INTERVENE to be electronically filed with the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Laurence J. Lucas
llucas@advocateswest.org

Talasi B. Brooks
tbrooks@advocateswest.org

Todd C. Tucci
ttucci@advocateswest.org

Sarah Stellberg
sstellberg@advocateswest.org

John S. Most
john.most@usdoj.gov

Luther L. Hajek
luke.hajek@usdoj.gov

Erik Petersen
erik.petersen@wyo.gov

*/s/ Bret Sumner*