Ausey H. Robnett III, State Bar No. 3218
Lake City Law Group, PLLC
435 W. Hanley Ave., Suite 101
Coeur d'Alene, ID 83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338
arobnett@lclattorneys.com

Kathleen C. Schroder (*pro hac vice*)
Gail L. Wurtzler (*pro hac vice*)
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 892-7409
Facsimile: (303) 893-1379
katie.schroder@dgslaw.com
gail.wurtzler@dgslaw.com

*Attorneys for Proposed Intervenor-Defendant Jonah Energy LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　Plaintiffs,<br><br>v.<br><br>RYAN K. ZINKE, Secretary of Interior; DAVID BERNHARDT, Deputy Secretary of Interior; and UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the United States,<br><br>　　Defendants. | Case No. 1:18-cv-00187-REB<br><br>**PROPOSED INTERVENOR-DEFENDANT JONAH ENERGY LLC'S [PROPOSED] MOTION TO DISMISS UNDER RULE 12(b)(3) OR IN THE ALTERNATIVE TO TRANSFER UNDER 28 U.S.C. § 1404(a)** |

　　In its pending Motion to Intervene [ECF No. 85], Proposed Intervenor-Defendant Jonah Energy LLC ("Jonah Energy") agreed to comply with the Joint Proposed Litigation Plan [ECF No. 79]. Because that Litigation Plan set a deadline of November 16 for responses to the

Plaintiffs' First Amended Complaint [ECF No. 78] ("FAC"), Jonah Energy now files this [Proposed] Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) or in the Alternative to Transfer under 28 U.S.C. § 1404(a) (the "Motion"). *See* Joint Proposed Litigation Plan [ECF No. 79] at 3.

Jonah Energy is the proponent of the Normally Pressured Lance Natural Gas Development Project ("NPL Project"), which is the only subject of Plaintiffs' Seventh Claim for Relief added by the FAC. Plaintiffs also added the NPL Project to the list of Final Actions challenged in their First, Second and Third Claims for Relief.[1] Other than the NPL Project, that list consists of multiple Bureau of Land Management ("BLM") oil and gas lease sales in 2017 and 2018 in Montana, Utah, North Dakota, Nevada, and Wyoming. *See* FAC, ¶¶ 150-225lll. The allegations of the Seventh Claim overlap with and duplicate the NPL Project allegations in the First, Second and Third Claims. *Compare* FAC, ¶¶ 282-83 with ¶¶ 336-337 (allegations re prioritization, data collection, best available science, conservation, siting); ¶ 291 with ¶ 337D (allegations re best available science); and ¶ 305 with ¶ 341 (inadequate analysis allegations). As relief, Plaintiffs seek an order overturning BLM actions approving the NPL Project.

For several reasons, venue for the claims against the NPL Project is not proper in the District of Idaho, or, in the alternative, transfer of those claims to the District of Wyoming is appropriate. First, the NPL Project is located entirely within the District of Wyoming on a combination of federal and state oil and gas leases. The BLM actions for the NPL Project that Plaintiffs challenge, including the Final Environmental Impact Statement and the Record of Decision for the NPL Project, all occurred within the District of Wyoming.

---

[1] Jonah Energy does not plan to take a position regarding the Fourth, Fifth and Sixth Claims because they do not appear to concern matters in which Jonah Energy has a direct legal or financial interest.

Second, the Plaintiffs' challenges to the NPL Project directly implicate the State of Wyoming's management of greater sage-grouse, over which the state has primacy within its borders. The State of Wyoming manages greater sage-grouse through a robust regulatory program known as the Core Population Area strategy. This strategy was developed by the Sage-grouse Implementation Team ("SGIT") appointed in 2007 by Wyoming Governor Dave Freudenthal and further refined and adopted in a series of Executive Orders issued by Governor Freudenthal and his successor Governor Matt Mead between 2008 and 2015. In 2010, the Wyoming state legislature enacted a resolution that approved SGIT and these efforts. That same year, the United States Fish and Wildlife Service endorsed the Core Population Area strategy. *See* 12-Month Findings for Petitions to List the Greater Sage-Grouse as Threatened or Endangered, 75 Fed. Reg. 13910, 13974-75 (Mar. 23, 2010), and 80 Fed. Reg. 59858, 59882-84, 59939 (Oct. 2, 2015).

The Core Population Area strategy is the foundation for BLM-Wyoming's greater sage-grouse measures in its Approved Resource Management Plan Amendment issued in 2015. *See* BLM's Approved Resource Management Plan Amendment for Greater Sage-grouse (Sept. 2015) (Ex. 12) at 20-21. The Core Population Area strategy also was presented to this Court in 2012 in connection with the evidentiary hearing on remedies in *Western Watershed Project v. Salazar*, No. 4:08-CV-516-BLW, 2012 WL 5880658 (Nov. 20, 2012). As this Court found, the Core Population Area strategy is "a serious and coordinated effort by stake holders in Wyoming to counter the effects of drilling." *Id.* at *7. When approving the NPL Project, BLM coordinated with the State of Wyoming and reviewed and applied the Core Population Area strategy as well as additional greater sage-grouse protective measures. *See, e.g.,* BLM Record of Decision for Normally Pressured Lance Natural Gas Development Project (Ex. 3) at 5, 10, 26, 29, 34,

Appendix A (August 27, 2018); BLM Final EIS for Normally Pressured Lance Natural Gas Development Project (Ex. 2) at ES-4, ES-5, ES-6, ES-48.

Third, the claims against the NPL Project are distinct from the other claims in the Amended Complaint and do not implicate BLM's national policies. Instruction Memorandum 2018-034 challenged by Plaintiffs does not apply to BLM decisions to authorize development of existing oil and gas leases, such as the NPL Project. Further, BLM did not rely on, or even cite to, either of the Instruction Memoranda (2018-034 or 2018-026) challenged by Plaintiffs when approving the NPL Project.

Fourth, several of Plaintiffs' specific allegations challenging the NPL Project are unique to actions and conditions in the District of Wyoming. Specifically, they allege that the NPL Project area includes a pronghorn migration route that is entirely within the District of Wyoming and that the BLM did not adequately consider that route. *See* FAC, ¶¶ 225rr, 225zz, 225jjj, 225lll, 340A, 341D, 341E, 341G. These pronghorn allegations are asserted only with respect to the NPL Project. Like greater sage-grouse, Wyoming has primacy over pronghorn within the state.

As described in more detail in the Memorandum of Points and Authorities, the Declaration of Paul Ulrich and its exhibits that are being filed with this Motion, venue for the Plaintiffs' challenges to the NPL Project is not proper in this court. Venue would be proper in the District of Wyoming under 28 U.S.C. § 1391(e)(1)(B) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the District of Wyoming. Alternatively, 28 U.S.C. § 1404(a) authorizes transfer of the claims challenging the NPL Project to the District of Wyoming.

Kathleen C. Schroder, one of the undersigned counsel for Jonah Energy, has advised

counsel for the existing parties to this litigation of Jonah Energy's intention to file this Proposed Motion.

Accordingly, Jonah Energy requests that the Court grant its [Proposed] Motion and transfer the claims challenging the NPL Project to the District of Wyoming.

Respectfully submitted this 16th day of November, 2018.

*/s/ Kathleen C. Schroder*
Kathleen C. Schroder (*pro hac vice*)
Gail L. Wurtzler (*pro hac vice*)
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 892-7409
Facsimile: (303) 893-1379
katie.schroder@dgslaw.com
gail.wurtzler@dgslaw.com

Ausey H. Robnett III, State Bar No. 3218
Lake City Law Group, PLLC
435 W. Hanley Ave., Suite 101
Coeur d'Alene, ID 83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338
arobnett@lclattorneys.com

*Attorneys for Proposed Intervenor-Defendant Jonah Energy LLC*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 16th day of November, 2018, a copy of the above **PROPOSED INTERVENOR-DEFENDANT JONAH ENERGY LLC'S [PROPOSED] MOTION TO DISMISS UNDER RULE 12(b)(3) OR IN THE ALTERNATIVE TO TRANSFER UNDER 28 U.S.C. § 1404(a)** was filed electronically with the Clerk of the Court, using CM/ECF system, which sent notification of such filing to:

Laurence J. Lucas
Todd C. Tucci
Talasi B. Brooks
Sarah Stellberg
llucas@advocateswest.org
ttucci@advocateswest.org
tbrooks@advocateswest.org
sstellberg@advocateswest.org
P.O. Box 1612
Boise, ID 83701

*Attorneys for Plaintiffs*

Erik Edward Petersen
Michael M. Robinson
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
erik.petersen@wyo.gov
mike.robinson@wyo.gov

Paul A. Turcke
MSBT Law, Chtd.
7699 W. Riverside Drive
Boise, ID 83714
pat@msbtlaw.com

*Attorneys for Intervenor Defendant State of Wyoming*

Bret A. Sumner
Michael K. Cross
Beatty & Wozniak, P.C.
216 16th Street, Suite 1100
Denver, CO 80202
bsumner@bwenergylaw.com

*Attorneys for Intervenor Western Energy Alliance*

John Shaughnessy Most
U.S. Dept. of Justice
P.O. Box 7611
Washington, DC 20044
john.most@usdoj.gov

Luther L. Hajek
U.S. Dept. of Justice/Environmental & Natural Resources Div.
999 18th Street
Denver, CO 80202
luke.hajek@usdoj.gov

Rachel Roberts
U.S. Department of Justice
7600 Sand Point Way NE
c/o DOJ/DARC
Seattle, WA 98115
rachel.roberts@usdoj.gov

Christine Gealy England
United States Attorney's Office
800 Park Blvd., Ste. 600
Boise, ID 83712
christine.england@usdoj.gov

*Attorneys for Defendants*

  /s/ Amanda Turney