UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN K. ZINKE, Secretary of Interior; DAVID BERNHARDT, Deputy Secretary of Interior; and UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the United States,<br><br>Defendants,<br><br>and<br><br>STATE OF WYOMING; WESTERN ENGERGY ALLIANCE<br><br>Defendant-Intervenors. | Case No.: 1:18-cv-00187-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: JONAH ENERGY LLC'S MOTION TO INTERVENE**<br><br>**(Docket No. 85)** |

Now pending before the Court is Jonah Energy LLC's ("Jonah") Motion to Intervene (Docket No. 85). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## BACKGROUND

The general contours of this case are well known by virtue of the Court having already discussed them in relation to (1) the August 21, 2018 Memorandum Decision and Order granting Defendant-Intervenors Motions to Intervene (Docket No. 54), (2) the September 4, 2018 Memorandum Decision and Order denying Defendants' Motion to Sever and Transfer (Docket No. 66), and (3) the September 21, 2018 Memorandum Decision and Order granting, in part, and denying, in part, Plaintiffs' Motion for Preliminary Injunction (Docket No. 74).

**MEMORANDUM DECISION AND ORDER - 1**

Here, the relevant addition to that background is found in Plaintiffs' more-recently-filed Amended Complaint (Docket No. 78), which, *inter alia,* added the Naturally Pressured Lance Natural Gas Development Project ("NPL Project") as a "Final Action" being challenged under the First, Second, and Third Claims for Relief, while asserting a new Seventh Claim for Relief directed specifically at Jonah and the NPL Project. Jonah contends that it is the "proponent of the [NPL Project] and "owns the leases comprising the NPL Project area." Mem. ISO Mot. to Interv., p. 2 (Docket No. 85-1). On that basis, Jonah asks to intervene in this action (to the extent of defending itself *only* against Plaintiffs' First, Second, Third, and Seventh Claims for Relief) because the relief sought by Plaintiffs, if granted, "will have a substantial impact on Jonah [ ] and its business." Jonah further asserts that its interests are not adequately represented by other Defendants, who do not "have a similar legal and financial interest in the NPL Project and none of them can respond to, and refute, the Plaintiffs' allegations regarding Jonah's [ ] actions and intentions." Mot. to Interv., p. 2 (Docket No. 85). Jonah's Motion is unopposed. *See* Def.-Interv. Wyo. Non-Opp. to Mot. to Interv. (Docket No. 93); Fed. Defs.' Resp. to Mot. to Interv. (Docket No. 98); Def.-Interv. WEA Resp. to Mot. to Interv. (Docket No. 101); Pls.' Resp. to Mot. to Interv. (Docket No. 102).

## DISCUSSION

Intervention by right under Rule 24(a)(2) requires that: "(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest related to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see also* Fed. R. Civ. P. 24(a)(2). In general, courts construe Rule 24(a) liberally in favor of intervention. *See Southwest Center for Biological*

**MEMORANDUM DECISION AND ORDER - 2**

*Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). The court's evaluation is "guided primarily by practical considerations," not technical distinctions. *See id*. Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Jonah's Motion is timely, as it was filed within two weeks of Plaintiffs' Amended Complaint which brought the NPL Project and Jonah into the fold. At the time the motion was filed, only Defendant-Intervenor Wyoming had responded to Plaintiffs' Amended Complaint, and the scheduling conference had not yet taken place. The Court has since conducted a scheduling conference with all parties (at which Jonah attended, but was not permitted to participate) and entered a Case Management Order. In short, Jonah's Motion will not impede the orderly progress of the case moving forward.

Consideration of the second and third factors – whether Jonah may suffer an impairment of a "significantly protectable" interest as a result of this lawsuit – calls on the Court to follow "practical and equitable considerations" and construe Rule 24(a) broadly in favor of Jonah's intervention efforts. *Wilderness Society v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011). For instance, is there an "interest protectable under some law" and is there "a relationship between the legally protected interest and the claims at issue?" *Id*. at 1180. Jonah "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*.

Here, Jonah is the proponent of the NPL Project challenged by Plaintiffs. Jonah owns the state and federal oil and gas leases comprising the NPL Project area. In turn, Jonah's interest in the defense of the NPL Project "is based on its substantial legal and financial interests in [the NPL Project]," owing to the fact that it is "a core part of Jonah's [ ] business and is key to Jonah's [ ] future growth." Mem. ISO Mot. to Interv., pp. 6-7 (Docket No. 85-1) (citing Ulrich

**MEMORANDUM DECISION AND ORDER - 3**

Decl. at ¶¶ 9-12, (Docket No. 85-2)). Jonah argues that if WWP's obtains its requested relief, then Jonah's ability to protect its legal interests in the NPL Project would be jeopardized. *See id.* at pp. 7-8 ("The continuation of this lawsuit and the possibility that the relief Plaintiffs seek regarding the NPL Project – reversal of the BLM FEIS and/or ROD – would be granted, without Jonah's [ ] participation, would seriously undermine Jonah's [ ] ability to protect its substantial legal interest in its NPL Project.").

These arguments sufficiently satisfy the second and third factors, in that Jonah has a "significantly protectable" interest that could be impaired by this litigation. *See, e.g.*, *Western Watershed Project v. U.S. Fish and Wildlife Serv.*, 2011 WL 2690430 (D. Idaho 2011) (granting intervention upon showing that relief might consist of mitigation measures that could have substantial effect on permits held by proposed intervenors).

The fourth factor examines whether Jonah's interests are adequately represented by the existing parties – the Federal Defendants and Defendant-Intervenors alike. To resolve this issue, courts consider: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Berg*, 268 F.3d at 822. In short, Jonah must demonstrate that the present parties may not adequately represent its interests. *See id.* The burden of showing inadequacy is "minimal" – Jonah need only show that representation of its interests by the Federal Defendants and/or Defendant-Intervenors "may be" inadequate. *Id.* In assessing the adequacy of representation, the focus should be on the "subject of the action," not just the specific issues before the court at the time of the motion. *See id.*

The Federal Defendants have a duty to represent the interests of the public, but they have no duty to represent the personal or economic interests of non-federal governmental entities such

**MEMORANDUM DECISION AND ORDER - 4**

as Jonah. *See, e.g.*, *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) (finding that federal government is "required to represent a broader view than the more narrow, parochial interests" of a proposed state or county intervenor). Likewise, Defendant-Intervenors' interests, while similar and more generally aligned in the economic sense, may depart where Plaintiffs' Amended Complaint targets Jonah and the NPL Project specifically and does so arguably in ways that do not neatly parallel the balance of Plaintiffs' claims or Federal Defendants'/Defendant-Intervenors' defense of certain lease sales. *See* Mem. ISO Mot. to Interv., p. 9 (Docket No. 85-1) ("The First Amended Complaint added the NPL Project as a Final Action to be challenged even though review and evaluation of that project began several years before the BLM issued Instruction Memoranda 2018-026 and 2018-034 or conducted the lease sales now at issue, and the ROD for the NPL Project applied the 2015 Sage-Grouse Resource Management Plan Amendments, not the Instruction Memoranda now at issue.").

In sum, the Federal Defendants or the Defendant-Intervenors are not certain to make Jonah's arguments as part of their own, nor would they be certain to do so with the same level of urgency and priority. In that space, Jonah is best able to explain how it "will suffer the disruption of its business if the BLM FEIS and ROD are reversed as Plaintiffs seek in this action" as Jonah describes. *Id*. Jonah's narrow yet significant interest in defending the NPL Project is distinct from the other parties' interests. Jonah has met the requisite "minimal" showing on inadequacy.

For the reasons described above, Jonah is entitled to intervene as of right and the Court will accordingly grant its request to intervene. However, the Court remains concerned about the potential "piling on" effect of adding another party to join Federal Defendants and existing Defendant-Intervenors against Plaintiffs. Therefore, at this time, the Court will require counsel

**MEMORANDUM DECISION AND ORDER - 5**

for Jonah to take special efforts to ensure that their briefing and arguments are not redundant with those of the Federal Defendants and Defendant-Intervenors, and that page limitations are not bypassed through the splitting up of arguments.[1]

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Jonah's Motion to Intervene (Docket No. 85) is GRANTED. Jonah's previously-proposed Motion to Dismiss (Docket No. 96) represents Jonah's response to Plaintiff's Amended Complaint.

**IT IS FURTHER HEREBY ORDERED that, on or before January 3, 2019, Jonah, as a new party, must either (1) consent to have a magistrate judge conduct any or all proceedings in the case and order the entry of final judgment, (2) request immediate reassignment to a District Judge, or (3) otherwise withhold consent (in which case the action will be reassigned to a District Judge). *See Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 687 (9th Cir. 2016). A party is free to withhold its consent without adverse substantive consequences.** Contemporaneous with this Memorandum Decision and Order, the Clerk of Court will issue a Notice of Assignment to a United States Magistrate Judge and Consent Form.

DATED: December 27, 2018

_____
Ronald E. Bush
Chief U.S. Magistrate Judge

---

[1] The Court notes that Jonah's involvement in these proceedings appears to be relegated to "Phase Two" of the action and, further, independent of the at-issue Instruction Memoranda. Therefore, the above-referenced limitations on its briefing vis à vis Federal Defendants' briefing are necessarily different than those imposed on the other Defendant-Intervenors. The Court reserves the right to revisit these restrictions following "Phase One" as the action unfolds and in the interests of briefing economies and efficiencies.

**MEMORANDUM DECISION AND ORDER - 6**