# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN K. ZINKE, Secretary of Interior; DAVID BERNHARDT, Deputy Secretary of Interior; and UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the United States,<br><br>Defendants,<br><br>and<br><br>STATE OF WYOMING; WESTERN ENGERGY ALLIANCE<br><br>Defendant-Intervenors. | Case No.: 1:18-cv-00187-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: JOINT MOTION TO MODIFY MEMORANDUM DECISION AND ORDER**<br><br>**(Docket No. 84)** |

Pending before the Court is Defendant-Intervenor Western Energy Alliance's ("WEA") and Defendant-Intervenor State of Wyoming's ("Wyoming") (collectively "Defendant-Intervenors") Joint Motion to Modify Memorandum Decision and Order (Docket No. 84). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:[1]

## DISCUSSION

On August 21, 2018, the Court granted Defendant-Intervenors' motions to intervene. *See generally* 8/21/18 MDO (Docket No. 54). Still, "to ensure against redundancy," the Court

---

[1] This Memorandum Decision and Order neither imposes any new conditions on any party, nor requires any party to perform any particular action by a date certain, and is therefore issued despite the stay in proceedings.

**MEMORANDUM DECISION AND ORDER - 1**

imposed the following conditions on Defendant-Intervenors' briefing moving forward: (1) WEA's and Wyoming's briefs shall be filed two weeks after Federal Defendants' briefing; (2) they shall file joint briefs; and (3) their joint briefing "shall be limited to issues not addressed in Federal Defendants' briefing." *Id*. at p. 7. Defendant-Intervenors now seek to eliminate the second and third of these conditions, arguing that, as parties to this action, they each "must be granted full due process to protect [their] distinct and independent interests." Mem. ISO Jnt. Mot. to Modify, pp. 5-6. For the reasons described to follow, Defendant-Intervenors' request is granted, in part, and denied, in part.

To begin, the Court has discretion to impose conditions upon Defendant-Intervenors' participation in this action, including those at play here – a briefing protocol specific to Defendant-Intervenors that tracks/follows the Federal Defendants' briefing on related matters. *See, e.g.*, Fed. R. Civ. P. 24 Adv. Comm. Notes 1966 ("An intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."); *see also Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may . . . be placed on an intervenor of right and on an original party."). But this discretion is not without limitation; the conditions imposed by the Court must be "reasonable and of a housekeeping nature." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1922 ("So long as these conditions are reasonable and are of a housekeeping nature, this view [(court's power to impose conditions on intervention of right)] is likely to prevail.").

The Court is satisfied that each of the above-noted conditions applicable to Defendant-Intervenors' ongoing briefing complies with such standards – that is to say, each of the conditions is reasonable and of a housekeeping nature in light of the way in which this action is currently (and anticipated to be) situated. Defendant-Intervenors have unique interests that *may*

**MEMORANDUM DECISION AND ORDER - 2**

not seamlessly align in every respect with those of the Federal Defendants, and these parties were allowed to intervene as of right because of this circumstance. *See* 8/21/18 MDO, p. 6 (Docket No. 54) ("While the Federal Defendants will generally defend the Secretary's decision (and decision-making process), only Wyoming and WEA are uniquely capable of explaining how any potential ruling will affect a state's economy and the property interests of a private trade association that are both heavily dependent on oil and gas production/leasing."). Even so, it is inescapable that Federal Defendants' and Defendant-Intervenors' interests contain important common denominators on certain lynchpin issues, especially when the claims and defenses in this case are framed by a finite administrative record that is the frame to the alleged statutory violations.

There are sensible points raised by Defendant-Intervenors in their concern to fully present their respective arguments, such that their preference is that there be *no* conditions. But they share the same ultimate litigation objective (and for substantially similar reasons) as the Federal Defendants, and therefore such conditions are not only appropriate but necessary. Otherwise, their individual arguments – each likely extended to the boundaries of page limit requirements – become overwhelming at best, and overwhelmingly duplicative at worst, not to mention the inordinate additional workload it places upon the Court and any opposing party. Paradoxically, in that setting, the most likely way for the case to come to a snail's pace and for the waters to get muddied would be to *not* impose the contested conditions to ensure the orderly and efficient adjudication of the litigation.

The Court will therefore retain the condition requiring Defendant-Intervenors to file joint briefs, convinced at this time that each is capable of fully and competently presenting their arguments in such a format, given the present status of the action, including the fact that both are represented by the same local counsel. The Court may revisit this condition if circumstances

**MEMORANDUM DECISION AND ORDER - 3**

warrant.  Going forward, however, the Motion is denied.  However, the Court clarifies that Defendant-Intervenors are permitted to file separate briefs if they so choose, so long as (1) each brief is no longer than one-half the number of authorized pages, or (2) by agreement between the affected parties, a different number of pages is agreed upon and the combined number of pages between the two briefs does not exceed the number of authorized pages.[2]

Separately, the Court will lift the condition that Defendant-Intervenors' briefing shall be limited to issues not addressed in Federal Defendants' briefing.  The Court is persuaded that a bright line reading of such a condition would preclude Defendant-Intervenors from discussing issues that may be more nuanced as to either or both of them (as compared to the Federal Defendants) and therefore, in need of further elaboration.  Defendant-Intervenors are cautioned, however, to ensure that their briefing and arguments are not redundant with the Federal Defendants or each other – particularly in light of the amount of pages available when filing what is effectively a joint brief.  In this respect, the Motion is granted.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant-Intervenors' Joint Motion to Modify Memorandum Decision and Order (Docket No. 84) is GRANTED, in part, and DENIED, in part, as follows:

1.      Wyoming and WEA shall file joint briefs, to include the filing of separate briefs so long as (1) each brief is no longer than one-half the number of authorized pages, or (2) a different division of the total authorized pages made by agreement between the affected parties,

---

[2] This condition applies to Defendant-Intervenors' current May 15, 2019 deadline to file (1) their joint response brief to Plaintiff's Phase One partial summary judgment motion and opening brief judgment (to be filed by March 22, 2019), and (2) any cross-motion for summary judgment.  See 12/13/18 CMO, pp. 2-3, n. 1 (Docket No. 107).

**MEMORANDUM DECISION AND ORDER - 4**

but with the combined number of pages between the two briefs not to exceed the number of authorized pages. In this respect, Defendant-Intervenors' Motion is DENIED.

2. Wyoming's and WEA's joint briefing shall not be limited to issues not addressed in the Federal Defendants' briefing. In this respect, Defendant-Intervenors' Motion is GRANTED.

Wyoming and WEA's joint briefing shall continue to be filed two weeks after the Federal Defendants' briefing.

DATED: January 23, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge