Laurence J. ("Laird") Lucas (ISB # 4733)
llucas@advocateswest.org
Todd C. Tucci (ISB # 6526)
ttucci@advocateswest.org
Sarah Stellberg (ISB #10538)
sstellberg@advocateswest.org
Advocates for the West
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT and CENTER FOR BIOLOGICAL DIVERSITY, | Case No. 1:18-cv-00187-REB |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF PHASE ONE REMEDIES** |
| v. | |
| DAVID BERNHARDT,* Secretary of Interior, et al., | |
| Defendants, | |
| and, | |
| STATE OF WYOMING; WESTERN ENERGY ALLIANCE, | |
| Defendants-Intervenors. | |

*\* Official Defendant automatically substituted per Fed. R. Civ. P. 25(d)*

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs Western Watershed Project

and Center for Biological Diversity respectfully seek reconsideration and clarification of the

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF PHASE ONE
REMEDIES - 1

remedies portion of the Court's February 27, 2020 Memorandum Decision and Order (ECF No. 174). Specifically, Plaintiffs respectfully request that the Court (1) reconsider the geographic limitation on its vacatur of Instruction Memorandum (IM) 2018-034; (2) clarify that it vacated, rather than enjoined, the relevant portions of IM 2018-034. A separate memorandum and declaration in support of this motion are filed herewith.

Under Federal Rule of Civil Procedure 54(b) and its inherent authority, a district court can reconsider an interlocutory order at any time "for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Plaintiffs recognize that reconsideration is appropriate in limited circumstances only. However, reconsideration of the geographically-limited vacatur is warranted as this issue was not addressed by the parties and the Court erred by applying a standard of "narrow tailoring" applicable only to injunctive relief. For these reasons, Plaintiffs respectfully move for the Court to reconsider the geographically-limited vacatur and issue a remedy order that (1) vacates and sets aside IM 2018-034 without any limitation; (2) clarifies or corrects the Order's references to injunctive relief.

Dated: March 17, 2020                      Respectfully submitted.

                                           /s/  Sarah K. Stellberg            .
                                           Sarah Stellberg (ISB #10538)
                                           Laurence ("Laird") J. Lucas (ISB # 4733)
                                           Todd C. Tucci (ISB # 6526)

                                           Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF PHASE ONE
REMEDIES - 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2019, I electronically filed the foregoing MOTION FOR RECONSIDERATION AND CLARIFICATION OF PHASE ONE REMEDIES and accompanying MEMORANDUM IN SUPPORT and DECLARATION OF SARAH STELLBERG with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing (NEF) to the following persons who are counsel for opposing parties in this matter:

**Counsel for Federal Defendants**

John Shaughnessy Most
U.S. Dept. of Justice
john.most@usdoj.gov

Luther L. Hajek
U.S. Dept. of Justice
luke.hajek@usdoj.gov

Christine Gealy England
christine.england@usdoj.gov

**Counsel for Intervenors**
**State of Wyoming & Western Energy Alliance**

Bret A. Sumner
bsumner@bwenergylaw.com

Paul A. Turcke
pat@msbtlaw.com

Erik Edward Petersen
erik.petersen@wyo.gov

Malinda Morain
mmorain@bwenergylaw.com

Michael M. Robinson
mike.robinson@wyo.gov


*/s/ Sarah K.Stellberg*
Sarah K. Stellberg

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF PHASE ONE REMEDIES - 3