Cherese D. McLain, ISB #7911
MSBT LAW
7699 W. Riverside Drive
Boise, ID 83714
Telephone: 208-331-1800
Fax: 208-331-1202
Email: cdm@msbtlaw.com

William E. Sparks, *Pro Hac Vice Pending*
wsparks@bwenergylaw.com
BEATTY & WOZNIAK, P.C.
216 Sixteenth St., Suite 1100
Denver, CO 80202-5115
Telephone: 303-407-4449
Fax: 800-886-6566

Attorneys for Defendant-Intervenor Chesapeake Exploration, L.L.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT**, *et al.*, | |
| Plaintiffs, | Case No. 1:18-cv-00187-REB |
| v. | |
| **DAVID BERNHARDT,** Secretary of the Interior, *et al.*, | **ANSWER OF DEFENDANT-INTERVENOR CHESAPEAKE EXPLORATION, L.L.C. TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| Defendants, | |
| **CHESAPEAKE EXPLORATION, L.L.C.,** *et al.*, | |
| Defendant-Intervenors. | |

Defendant-Intervenor Chesapeake Exploration, L.L.C. ("Chesapeake") answers the numbered Paragraphs of the Second Amended Complaint of Western Watersheds Project and Center for Biological Diversity (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake denies them.

2.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake denies them.

3.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

4.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

5.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

6.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence

of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

7.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

8.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

9.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

10.      The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents, therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

11.     The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

12.     Chesapeake denies the allegations in the first sentence. Chesapeake states that the allegations in the second sentence referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

13.     The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

14.     Chesapeake denies the allegations in the first sentence of this paragraph. The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

15.     The allegations in this paragraph constitute Plaintiffs' requested relief to which no response is required, but to the extent a response is required, Chesapeake states that Plaintiff is not entitled to such relief.

## JURISDICTION AND VENUE

16.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies jurisdiction is proper.

17.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies a justiciable controversy exists.

18.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies that venue is proper.

19.     This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## PARTIES

20.     Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies all of these allegations.

21.     Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies all of these allegations.

22.     Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies all of these allegations.

23.     Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies all of these allegations. This paragraph further sets forth conclusions of law for which no answer is required. To the extent an answer is required, Chesapeake denies them.

24.     Denied.

25.     Chesapeake denies Plaintiffs' characterization in this paragraph that David Bernhardt has responsibility for approving and implementing the "unlawful policy changes . . . "

Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, Chesapeake denies them.

**STATEMENT OF RELEVANT FACTS**

**I.     THE GREATER SAGE-GROUSE**

26.     The allegations in this paragraph referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents. Chesapeake further denies Plaintiffs' characterization in this paragraph that the "plight of the greater sage-grouse is well known."

27.     The allegations in this paragraph are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

28.     Denied.

29.     Denied.

30.     Denied.

31.     The allegations in this paragraph are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

32.     The allegations in this paragraph are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

**2010 ESA Listing Decision**

33.     The allegations in this paragraph are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this

paragraph that are inconsistent with these documents.

34.     The allegations in this paragraph are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

### National Greater Sage-grouse Planning Strategy

35.     The allegations in this paragraph are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

36.     The allegations in this paragraph are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

37.     The allegations in this paragraph are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

38.     The allegations in this paragraph are based on the NTT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the NTT Report.

39.     The allegations in this paragraph are based on the NTT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the NTT Report.

40.     The allegations in this paragraph are based on the NTT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the NTT Report.

41.     The allegations in this paragraph are based on the NTT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the NTT Report.

42.     The allegations in this paragraph are based on the NTT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the NTT Report.

43.     The allegations in this paragraph are based on the NTT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the NTT Report.

44.     The allegations in this paragraph are based on IM 2012-044, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with IM 2012-044.

**COT Report**

45.     The allegations in this paragraph are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

46.     The allegations in this paragraph are based on the COT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the COT Report.

47.     The allegations in this paragraph are based on the COT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the COT Report.

48.     The allegations in this paragraph are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

**2015 Sage-Grouse Plan Amendments**

49.     The allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

50.     The allegations in this paragraph reference the RODs, ARMPAs and LMPAs, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

51.     The allegations in this paragraph reference the RODs, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the RODs.

52.     The allegations in this paragraph reference the RODs, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the RODs.

53.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

54.     Chesapeake denies the allegations in the first sentence of this paragraph. The remaining sentences describe Plaintiffs' litigation challenging the 2019 Plan Amendments to which no response is required. To the extent a response is required, Chesapeake denies them.

55.     The allegations in this paragraph describe Plaintiffs' litigation, to which no response is required. To the extent a response is required, Chesapeake denies them.

**Habitat Designation In Sage-Grouse Plan Amendments**

56.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

57.     The allegations in this paragraph reference the Idaho & Southwestern Montana Final EIS, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

58.     The allegations in this paragraph reference the Idaho & Southwestern Montana Final EIS, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

**Management Direction in Sage-Grouse Habitat Areas**

59.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

60.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

61.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

62.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, the NTT Report and the COT Report, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents. Chesapeake further denies Plaintiffs' characterization in this

paragraph that the "Sage-Grouse Plan Amendments adopted inadequate 'lek buffers,' allow excessive surface disturbance in sage-grouse habitats, and provide for BLM to approve modifications, waivers, and exceptions for energy developments to further degrade and fragment sage-grouse habitats, thus harming sage-grouse populations."

63.     The allegations in the first sentence of this paragraph reference Plaintiffs' related litigation, and the pleadings in that litigation speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents. Furthermore, the allegations in the remainder of this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake denies them, including Plaintiffs' characterization of the "inadequacies of the Sage-Grouse Plan Amendments."

**BLM Duty To Prioritize Oil and Gas Leasing/Development Outside Of Sage-Grouse Habitats**

64.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

65.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

66.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

67.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

68.     The allegations in this paragraph reference the Final EISs for the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

69.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

**BLM Instruction Memorandum 2016-143**

70.     The allegations in this paragraph reference IM 2016-143, a now-replaced document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

71.     The allegations in this paragraph reference IM 2016-143, a now-replaced document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

72.     The allegations in this paragraph reference IM 2016-143, a now-replaced document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

73.     The allegations in this paragraph reference IM 2016-143, a now-replaced document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

74.     The allegations in this paragraph reference IM 2016-143, a now-replaced document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

75.     The allegations in this paragraph reference IM 2016-143, a now-replaced document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

## II.     TRUMP ADMINISTRATION'S EFFORTS TO OPEN SAGE-GROUSE HABITATS TO OIL AND GAS LEASING AND DEVELOPMENT

76.     The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake denies them.

77.     The allegations in this paragraph reference EO 13783, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

78.     The allegations in this paragraph reference EO 13783, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

### Secretarial Order 3349: "American Energy Independence"

79.     The allegations in this paragraph reference SO 3349, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

80.     The allegations in this paragraph reference SO 3349, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

81.     The allegations in this paragraph reference the Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents. Furthermore, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Chesapeake denies them.

**Secretarial Order No. 3351: "Strengthening the Department of the Interior's Energy Portfolio"**

82.     The allegations in this paragraph reference SO 3351, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

83.     The allegations in this paragraph reference SO 3351, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

**Secretarial Order No. 3353: "Greater Sage-Grouse Conservation and Cooperation with Western States"**

84.     The allegations in this paragraph reference SO 3353, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

85.     The allegations in this paragraph reference SO 3353, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

86.     The allegations in this paragraph reference SO 3353, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

87.    The allegations in the first sentence of this paragraph reference SO 3353, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. Chesapeake is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

88.    Chesapeake is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**Secretarial Order 3354: "Supporting and Improving the Federal Onshore Oil and Gas Leasing Program and Federal Solid Mineral Leasing Program"**

89.    The allegations in this paragraph reference SO 3354, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in Paragraph 89 that are inconsistent with that document.

90.    The allegations in this paragraph reference SO 3354, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

**DOI Final Report: "Review of the Department of the Interior Actions that Potentially Burden Domestic Energy"**

91.    The allegations in this paragraph reference the DOI Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

92.    The allegations in this paragraph reference the DOI Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

93.     The allegations in this paragraph reference the DOI Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

**August 2017 Sage-grouse Review Team Report**

94.     The allegations in this paragraph reference the August 2017 SG Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

95.     Denied.

96.     The allegations in this paragraph attempt to characterize the August 2017 SG Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

97.     The allegations in this paragraph attempt to characterize the August 2017 SG Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

98.     The allegations in this paragraph reference the August 2017 SG Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

99.     The allegations in this paragraph reference Secretary Zinke's memorandum: "Improving the BLM's 2015 Sage-Grouse Plans," a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

100.     The allegations in this paragraph reference the August 2017 SG Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

**Instruction Memorandum No. 2018-026**

101.    Chesapeake admits that on December 27, 2017 the BLM issued Instruction Memorandum 2018-026, which speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with this document.

102.    The allegations in this paragraph reference IM 2018-026, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

103.    The allegations in this paragraph reference IM 2018-026, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

104.    The allegations in this paragraph reference IM 2018-026, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

105.    The allegations in this paragraph reference IM 2018-026, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

106.    The allegations in this paragraph reference IM 2018-026, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

107.    Denied.

**Instruction Memorandum No. 2018-034**

108.    The allegations in this paragraph reference IM 2018-034, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

109.    The allegations in this paragraph reference IM 2018-034, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

110.    The allegations in this paragraph reference IM 2018-034, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

111.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

112.    Chesapeake denies the allegations in the first sentence of this paragraph as vague. The second sentence of this paragraph references IM 2018-034, a document that speaks for itself and is the best evidence of its contents, and Chesapeake denies any allegations that are inconsistent with that document. The allegations of the third sentence constitute characterization of Plaintiffs' complaint, to which no response is required. Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the last sentence of this paragraph, and therefore denies them.

113.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

114.    The allegations in the first sentence of this paragraph reference IM 2018-034, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. Furthermore, This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

115.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

## III.    EFFECTS OF BLM ACTIONS OPENING SAGE-GROUSE HABITATS TO OIL AND GAS LEASING AND DEVELOPMENT

### A.    BLM Is Selling Once-Deferred Leases In Sage-grouse Habitats.

116.    The allegations in this paragraph are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

117.    The allegations in this paragraph are vague and therefore denied.

118.    The allegations in this paragraph are based on the Wyoming May 2016 lease sale and reference the ARMPAs, documents that speaks for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

119.    The allegations in this paragraph are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

120.    The allegations in this paragraph are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

121.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

122.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

123. Chesapeake denies the allegations of the first sentence as vague. The allegations in the second sentence reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations that are inconsistent with that document. Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the final sentence and therefore denies them.

**B.   BLM Has Abandoned Sage-grouse Plan Amendment Requirements to Prioritize Leasing Outside Sage-grouse Habitats**

124. This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

125. Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, this paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

126. This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them. Furthermore, the allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

127. Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

128. The allegations in the first and third sentences of this paragraph are denied. The allegations in the second sentence of this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations that are inconsistent with these documents.

129.     The allegations in this paragraph characterize Plaintiffs' complaint to which no response is required. To the extent a response is required, Chesapeake denies them.

130.     The allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

131.     The allegations in this paragraph characterize Plaintiffs' complaint to which no response is required. To the extent a response is required, Chesapeake denies them.

132.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

### C.     Current Leases Threaten Sage-grouse Habitats and Populations

133.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

134.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them. The allegations in this paragraph reference the 2015 Sage-Grouse Plan Amendments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the 2015 Sage-Grouse Plan Amendments.

135.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

136.     The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake denies them.

137.     The allegations in this paragraph reference or are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

138.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, this paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake denies them.

**D.     BLM's Practice of Routinely Granting and Extending Lease Suspensions Creates Long-Term Threats to Sage-Grouse It Has Not Studied.**

139.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

140.    Chesapeake states that Mineral Leasing Act of 1920 speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute, its legislative history, or its implementing regulations.

141.    Denied.

142.    Chesapeake denies the allegations in the first sentence of this paragraph as vague. Chesapeake is without sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, and therefore denies them. Furthermore, the allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

143.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, the allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

144.     Chesapeake states that Mineral Leasing Act of 1920 speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute, its legislative history, or its implementing regulations.

145.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them. With respect to the second sentence of this paragraph, Chesapeake is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies them.

## THE CHALLENGED DECISIONS

146.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

147.     The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the allegations referenced are based on a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

148.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

149.     The allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

150.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

151.     The allegations in this paragraph constitute Plaintiffs' description of the action to which no response is required, but to the extent a response is required, Chesapeake states that the

allegations referenced are based on documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

152.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

## IV.     FINAL LEASE SALES

### A.     February 2017 Wyoming Lease Sales (High Plains and Wind River/Bighorn Basin Districts)

153.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

154.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

155.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

156.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, this paragraph purports to characterize documents that speak for themselves and are the best evidence of their contents. To the extent the allegations conflict with these documents, Chesapeake denies them.

157.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

158.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

159.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

160.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

**B.    June 2017 Montana Lease Sale (Miles City District)**

161.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph; and therefore denies them.

162.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

163.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

164.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, they reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

165.    The allegations in this paragraph reference an updated EA issued on March 14, 2017, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

166.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, this paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

167.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

168.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

169.     The allegations in this paragraph reference an EA, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. In addition, this paragraph contains legal conclusions to which no response is required.

### C.     June 2017 Wyoming Lease Sale (High Desert District)

170.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

171.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

172.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

173.     The allegations in this paragraph reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

174.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first and second sentence of this paragraph, and therefore denies them. The third sentence of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Chesapeake denies them.

175.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

176.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

177.    The allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

178.    The allegations in the first, second, and third sentence of this paragraph reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in those sentences that are inconsistent with that document. Furthermore, the final sentence of this paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

179.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake denies them. Furthermore, the allegations in this paragraph reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

**D.     September 2017 Wyoming Lease Sale (High Plains and Wind River/Bighorn Basin Districts)**

180.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

181.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

182.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

183.    Chesapeake denies the allegations in the first sentence of this paragraph. The remaining allegations of this paragraph reference a document that speaks for itself and is the best

evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

184.    The first sentence of this paragraph references the September 2017 High Plains leasing EA, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. The remaining allegations in this paragraph set forth conclusions of law for which no answer is required. To the extent an answer is required, Chesapeake denies them.

185.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, this paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

186.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, this paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

187.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

188.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore denies them.

**E.    September 2017 Utah Lease Sale (Sheeprocks)**

189.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore denies them.

190.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

191.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

192.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. Furthermore, this paragraph purports to characterize a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

193.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

194.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. The remainder of this paragraph references a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

195.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

196.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

197.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

198.     The allegations in this paragraph reference the COT Report, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

199.    The allegations in this paragraph reference the EA and associated FONSI for the September 2017 lease sale, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

200.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

201.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**F.    December 2017 Montana Lease Sale (Miles City District)**

202.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

203.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

204.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Further, this paragraph purports to reference documents that, if they exist, speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

205.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, this paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

206.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

207.    The allegations in this paragraph reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

208.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first two sentences of this paragraph, and therefore denies them. The final sentence of this paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

209.    The allegations of this paragraph reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

210.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**G.      March 2018 Montana Lease Sale (Billings, Butte, and North Central Montana Districts and North Dakota)**

211.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

212.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

213.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

214.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, to the extent this paragraph sets forth conclusions of law, no answer is required. To the extent a response is required, Chesapeake denies them.

215.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them. Furthermore, to the extent this paragraph sets forth conclusions of law, no answer is required. To the extent a response is required, Chesapeake denies them.

216.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

217.     This paragraph purports to reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. Furthermore, to the extent this paragraph sets forth conclusions of law, no answer is required. To the extent a response is required, Chesapeake denies them.

218.     This paragraph purports to reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. Furthermore, to the extent this paragraph sets forth conclusions of law, no answer is required. To the extent a response is required, Chesapeake denies them.

219.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

220.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**H.     March 2018 Wyoming Lease Sale (High Plains and Wind River/Bighorn Basin Districts)**

221.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

222.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

223.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

224.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

225.    This paragraph purports to reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. Furthermore, to the extent this paragraph sets forth conclusions of law, no answer is required. To the extent a response is required, Chesapeake denies them.

226.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first this paragraph, and therefore denies them. With respect to the remaining allegations in this paragraph, the allegations reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.  Chesapeake admits that it was the high bidder for Leases (WYW186738, WYW186742, WYW186743, WYW186744, WYW186745) at the March 2018 Wyoming Lease Sale.

227.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**I.      June 2018 Nevada Lease Sale (Battle Mountain District)**

228.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

229.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

230.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

231.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the two sentences of this paragraph, and therefore denies them. The remainder of this paragraph purports to reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document. Furthermore, to the extent this paragraph sets forth conclusions of law, no answer is required. To the extent a response is required, Chesapeake denies them.

232.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

233.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

234.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. The remainder of the allegations in this paragraph set forth conclusions of law, to which no answer is required. To the extent a response is required, Chesapeake denies them.

235.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

236.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

237.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**J.      June 2018 Wyoming Lease Sale (High Desert District)**

238.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

239.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

240.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

241.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

242.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. The remainder of the allegations in this paragraph set forth conclusions of law, to which no answer is required. To the extent a response is required, Chesapeake denies them.

243.    The allegations in this paragraph reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

244.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations that Plaintiffs filed timely protests of the sale, and therefore denies them. The remainder of the allegations in this paragraph set forth conclusions of law, to which no answer is required. To the extent a response is required, Chesapeake denies them.

245.     This paragraph purports to reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

> **K.     September 2018 Utah Lease Sale (West Desert District, Green River District, and Color Country District)**

246.     This paragraph purports to reference a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

247.     The allegations in this paragraph reference environmental assessments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

248.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. The remaining allegations in this paragraph draw conclusions from BLM environmental assessments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

249.     The allegations in this paragraph reference RMPs, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

250.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. The remaining allegations in this paragraph draw conclusions from a BLM environmental assessment, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that document.

251.    The allegations in this paragraph reference a BLM environmental assessment, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraphs that are inconsistent with that document. Further, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Chesapeake denies them.

252.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. The remainder of the allegations in this paragraph set forth conclusions of law, to which no answer is required. To the extent a response is required, Chesapeake denies them.

253.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations that Plaintiffs filed timely protests of the sale, and therefore denies them. The remainder of the allegations in this paragraph set forth conclusions of law, to which no answer is required. To the extent a response is required, Chesapeake denies them.

254.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**L.      September 2018 Wyoming Lease Sale (Wind River/Bighorn Basin District, High Plains District)**

255.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

256.    The allegations in this paragraph reference environmental assessments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

257.     This paragraph draws conclusions from BLM environmental assessments, documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

258.     The allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

259.     Chesapeake is without sufficient knowledge or information to form a belief about the allegations in the first four sentences of this paragraph, and therefore denies them. The remaining allegations in this paragraph set forth legal conclusions for which no answer is required. To the extent a response is required, Chesapeake denies them.

260.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.  Chesapeake admits that it was the high bidder on two Leases (WYW187426 and WYW187428) at the September 2018 Wyoming Lease Sale.

**M.     September 2018 Nevada Lease Sale (Elko District, Ely District)**

261.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

262.     Chesapeake denies Plaintiffs' characterization in the second sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the contents of Plaintiffs' protest, which speak for themselves and are the best evidence of their contents or set forth legal conclusions for which no answer is required. To the extent a response is required, Chesapeake denies them.

263.     Chesapeake is without sufficient knowledge or information to form a belief about the allegations in the first, third, fourth and fifth sentence, and therefore denies them. The second

sentence of this paragraph references the Record of Decision, a document that speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations inconsistent with that document. Chesapeake is without sufficient knowledge or information to form a belief on the remaining allegations in this paragraph, and therefore denies them.

### N.       March 2019 Montana Lease Sale

264.    The allegations in this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

265.    The allegations in this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

266.    The allegations in this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

267.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first two sentences of this paragraph, and therefore denies them. With respect to the remaining allegations in this paragraph, they purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

268.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

269.    The allegations of this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

270.     The allegations of this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

271.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

272.     The allegations in this paragraph reference documents that speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

273.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**O.     February 2019 Wyoming Lease Sale**

274.     The allegations of this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

275.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

276.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

277.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

278.     Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies them. The remainder of the allegations in this paragraph purport to characterize the contents of documents which speak for

40

themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

279.    The allegations of this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

280.    The allegations of this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

281.    The allegations of this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

282.    The allegations of this paragraph purport to characterize the contents of documents which speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

283.    Chesapeake is without sufficient knowledge or information to form a belief as to the allegations in this paragraph, and therefore denies them.

**FIRST CLAIM FOR RELIEF**
**FINAL LEASE SALES VIOLATE FLPMA AND APA**
**(FLPMA Consistency Requirement)**

284.    Chesapeake repeats and incorporates by reference its responses to the preceding paragraphs.

285.    Chesapeake states that FLPMA and its implementing regulations, and the APA and its implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with those

statutes or their implementing regulations. Furthermore, This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

286.    Chesapeake states that FLPMA and its implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

287.    Chesapeake states that FLPMA and its implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

288.    Chesapeake states that FLPMA and its implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

289.    Chesapeake states that the "Sage-Grouse Plan Amendments approved by BLM through the September 2015 Great Basin and Rocky Mountain RODs" speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

290.    The allegations in this paragraph set forth conclusions of law for which no answer is required. To the extent a response is required, Chesapeake denies the allegations in this paragraph. Chesapeake further states that FLPMA and its implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

291.    The allegations in this paragraph set forth legal conclusions for which no answer is required. To the extent a response is required, Chesapeake denies them.

292.    The allegations in this paragraph set forth conclusions of law for which no answer is required. To the extent a response is required, Chesapeake denies the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF
### FINAL LEASE SALES VIOLATE FLPMA AND APA
### (Failure to Follow Best Available Science)

293.    Chesapeake repeats and incorporates by reference its responses to the preceding paragraphs.

294.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake states that 5 U.S.C. § 706, the Great Basin and Rocky Mountain RODs, and the Sage-Grouse Plan Amendments speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with that statute and these documents.

295.    Chesapeake denies that Plaintiffs are entitled to declaratory relief.

296.    Chesapeake states that FLPMA and its implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

297.    Chesapeake states that FLPMA and its implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

298.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

299.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

## THIRD CLAIM FOR RELIEF
## FINAL LEASE SALES VIOLATE NEPA AND APA

300.    Chesapeake repeats and incorporates by reference its responses to the preceding paragraphs.

301.    This paragraph sets forth a characterization of Plaintiffs' complaint and conclusions of law for which no answer is required. To the extent an answer is required, Chesapeake states that NEPA, 42 U.S.C. §§ 4321 *et seq.*, NEPA's implementing regulations, the APA, 5 U.S.C. § 706, and 40 C.F.R. §§ 1500 *et seq.*, speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with those statutes and their implementing regulations.

302.    Chesapeake states that NEPA and 40 C.F.R. §§ 1500.1(a), 1500–1518.4 speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

303.    Chesapeake states that NEPA and 40 C.F.R. §1500.1(b)–(c) speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

304.    Chesapeake states that NEPA, 42 U.S.C. § 4332(2)(C) and 40 C.F.R. § 1500.1(b), speaks for itself and is the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

305.    Chesapeake states that NEPA, 42 U.S.C. § 4321, and 40 C.F.R. § 1502.14(a) speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

306.     Chesapeake states that NEPA and 40 C.F.R. §§ 1508.8(a)-(b) speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

307.     Chesapeake states that NEPA and 40 C.F.R. § 1508.7 speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

308.     Chesapeake states that NEPA and 40 C.F.R. §§ 1502.14(a) and (f); 1502.16, speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

309.     Chesapeake states that NEPA and 40 C.F.R. §§ 1500.1(b), 1502.24 speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

310.     Chesapeake states that NEPA and 40 C.F.R. §§ 1502.9(c) speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

311.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies the allegations.

312.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies the allegations.

313.     This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies the allegations in this paragraph.

**FOURTH CLAIM FOR RELIEF**
**IM 2018-034 AND IMPLEMENTING PHASE ONE FINAL LEASE SALES VIOLATE**
**FLPMA, NEPA, AND THE APA**
**(Public Participation Requirements)**

314.    Chesapeake repeats and incorporates by reference its responses to the preceding paragraphs.

315.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake states that FLPMA, 43 U.S.C. § 1739(e); NEPA, 42 U.S.C. §§ 4321 *et seq.*; NEPA's implementing regulations, 40 C.F.R. §§ 1500 *et seq.*; the APA, 5 U.S.C. § 706, and the APA implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with those statutes and their implementing regulations.

316.    Chesapeake states that FLPMA, 43 U.S.C. § 1739(e), speaks for itself and is the best evidence of its content; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

317.    Chesapeake states that FLPMA Section 103(d) speaks for itself and is the best evidence of its content; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

318.    This paragraph sets forth conclusions of law for which no response is required. To the extent a response is required, Chesapeake states that FLPMA and the cases cited in this paragraph speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations this paragraph that are inconsistent with the statute, its implementing regulations, or the cases cited in this paragraph.

319.    This paragraph sets forth conclusions of law for which no response is required. To the extent a response is required, Chesapeake states that NEPA and its implementing regulations,

including 40 C.F.R. §§ 1506.6, 1501.4(b), 1502.19(a), 1500.1(b), speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute or its implementing regulations.

320.    Chesapeake states that IM 2018-034 and IM 2010-117 speak for themselves and are the best evidence of its content; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with these documents.

321.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies the allegation therein and states that IM 2018-034 speaks for itself and is the best evidence of its content; therefore, Chesapeake further denies any allegations in this paragraph that are inconsistent with that document.

322.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies the allegation therein and states that FLPMA, NEPA and IM 2018-034 speak for themselves and are the best evidence of their contents; therefore, Chesapeake further denies any allegations in this paragraph that are inconsistent with FLPMA, NEPA or IM 2018-034.

323.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

324.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake denies them.

325.    This paragraph states a legal conclusion for which no answer is required. To the extent a response is required, Chesapeake denies them.

**FIFTH CLAIM FOR RELIEF**
**IM 2018-034 VIOLATES THE APA**
**(Failure to undertake notice-and-comment rulemaking)**

326.    Chesapeake repeats and incorporates by reference its responses to the preceding paragraphs.

327.    This paragraph sets forth characterizations of Plaintiffs' complaint and conclusions of law for which no answer is required. To the extent an answer is required, Chesapeake states that the FLPMA and the APA, and its respective implementing regulations speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the statute and its implementing regulations.

328.    Chesapeake states that FLPMA Sections 1739(e) and 1740 speak for themselves and are the best evidence of its contents; therefore, Chesapeake denies any allegations inconsistent with FLPMA or its implementing regulations.

329.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake states that the APA, 5 U.S.C. §§ 553(c) & 553(b)(B), speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the APA and its implementing regulations.

330.    This paragraph sets forth conclusions of law to which no answer is required. To the extent a response is required, Chesapeake states that CEQ regulations implementing NEPA, 40 C.F.R. §§ 1507.3 & 1506.6, speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with NEPA or its implementing regulations.

331.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake states that this paragraph references IM 2018-034, a

document that speaks for itself and is the best evidence of its content; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with IM 2018-034.

332.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake denies the allegations.

333.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake denies them. Chesapeake further denies Plaintiffs' characterization that IM 2018-034 causes or threatens "serious prejudice and irreparable injury to the rights and interests of Plaintiffs and their members and staff."

334.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake denies them and states that the APA speaks for itself and is the best evidence of its contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the APA and its implementing regulations, and denies that Plaintiffs are entitled to their requested relief.

## SIXTH CLAIM FOR RELIEF
### IM 2018-026 VIOLATES FLPMA AND THE APA
### (Failure to Provide Notice and Comment on Resource Management Plan Amendments)

335.    Chesapeake repeats and incorporates by reference its responses to the preceding paragraphs.

336.    This paragraph characterizes Plaintiffs' complaint and sets forth conclusions of law for which no answer is required. To the extent an answer is required, Chesapeake states that FLPMA, NEPA and the APA, 5 U.S.C. § 706, speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with those statutes and their implementing regulations.

337.    This paragraph sets forth conclusions of law to which no answer is required. To the

extent an answer is required, Chesapeake states that FLPMA, 43 U.S.C. §§ 1712(a) and 1732(a), speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with FLPMA and its implementing regulations.

338.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake states that FLPMA, 43 U.S.C. §§ 1712(f) & 1739(e), and its implementing regulations, 43 C.F.R. §§ 1610.2, 1610.5-5, & 1610.5-6, speak for themselves and are the best evidence of their contents; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with FLPMA and its implementing regulations.

339.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake states that APA, 5 U.S.C. § 553, speaks for itself and is the best evidence of its content; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with the APA and its implementing regulations.

340.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake denies them and states that IM 2018-026 speaks for itself and is the best evidence of its content; therefore, Chesapeake denies any allegations in this paragraph that are inconsistent with IM 2018-026.

341.    This paragraph sets forth conclusions of law to which no answer is required. To the extent an answer is required, Chesapeake denies them, and denies that Plaintiffs are entitled to their requested relief.

## **PRAYER FOR RELIEF**

Chesapeake denies that Plaintiffs are entitled to the relief requested in Paragraphs A through G in the Prayer for Relief section of the Second Amended Complaint. Further, Chesapeake denies that Plaintiffs are entitled to any relief whatsoever.

### GENERAL DENIAL

Chesapeake denies every allegation of the Second Amended Complaint not expressly admitted above.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint and all claims for relief therein should be dismissed with prejudice on the ground that Plaintiffs' failed to join Chesapeake as a necessary and indispensable parties in compliance with Federal Rule of Civil Procedure 19.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or causes of action are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction to hear them.

### FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to challenge Chesapeake's Leases.

### SIXTH AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because Plaintiffs waived their claims related to Chesapeake's Leases.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction to vacate or cancel leases that are producing oil and gas located in Wyoming.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to challenge reviewable final agency action under the Administrative Procedure Act.

## NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because Plaintiffs' claims are not made in good faith.

## TENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because Plaintiffs' claims are moot.

## ELEVENTH AFFIRMATIVE DEFENSE

Venue is improper as to the claims challenging oil and gas leasing decisions and Chesapeake's leases which are all located in Wyoming.

## TWELFTH AFFIRMATIVE DEFENSE

Chesapeake incorporates any affirmative defense that may be asserted by Federal Defendants or Defendant-Intervenors in this matter.

Chesapeake reserves the right to supplement these Affirmative Defenses as additional information is developed during litigation or revealed through discovery.

WHEREFORE, Chesapeake respectfully requests that Plaintiffs' claims be dismissed with prejudice, that judgment be entered on behalf of the Defendants and Chesapeake, and against Plaintiffs on those claims, and such further relief as this Court deems just and proper.

Respectfully submitted this 29th day of May, 2020.

*/s/ Cherese D. McLain*

Cherese D. McLain
MSBT LAW
7699 W. Riverside Drive
Boise, ID 83714
Telephone: 208-331-1800
Fax: 208-331-1202
Email: cdm@msbtlaw.com

William E. Sparks, *Pro Hac Vice Pending*
BEATTY & WOZNIAK, P.C.
216 Sixteenth St., Suite 1100
Denver, CO 80202-5115
Telephone: 303-407-4499
Fax: 800-886-6566
Email: wsparks@bwenergylaw.com

*Attorneys for Defendant-Intervenor*
*Chesapeake Exploration, L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of May 2020, I served a true and correct copy of the foregoing **ANSWER OF DEFENDANT-INTERVENOR CHESAPEAKE EXPLORATION, L.L.C. TO PLAINTIFFS' SECOND AMENDED COMPLAINT** via the Court's electronic case filing system which will cause the foregoing to be served upon all counsel of record.

*/s/ Cherese D. McLain*
Cherese D. McLain