UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | Case No.: 1:18-cv-00187-REB |
| Plaintiffs, | **ORDER FOLLOWING AUGUST 18, 2020 STATUS CONFERENCE** |
| vs. | |
| DAVID BERNHARDT, Secretary of the Interior, et al., | |
| Defendants, | |
| and, | |
| STATE OF WYOMING, et al., | |
| Defendants-Intervenors. | |

The Court held a scheduled status conference on August 18, 2020. During that conference, a number of issues were presented and discussed.[1] This Order resolves those issues for clarification moving forward.

1.   Footnote 18 of the Court's August 17, 2020 Memorandum Decision and Order (Dkt. 297) addresses the protocol for future renewed motions for limited intervention (as to PPRA, Rebellion II, and Titan). Any such renewed motions shall be filed within 10 days[2] of the last-filed opening brief from Defendant parties (in this case, WEA's August 17, 2020 Cross-Motion for Summary Judgment/Opposition (Dkt. 294)). If intervention is permitted, a separate briefing schedule will be set to address any subsequent filings. *See* 8/17/20 MDO, p. 21, n.18

---

[1] This discussion included separate e-mail correspondence between the Court and parties on August 18-19, 2020.

[2] Previously, a seven-day period was discussed; to be clear, renewed motions shall be filed within 10 days.

**ORDER - 1**

(Dkt. 297) ("In the event limited intervention is permitted, a briefing schedule will be provided to the parties (preferably with the assistance of the involved parties by stipulation). Additionally, the parties are on notice that shortened page limits will likely apply . . . .").

    2.    AEC is not entitled to intervene. *See id*. at pp. 7-16. Accordingly, its Proposed Motion for Partial Summary Judgment (Phase Two) (Dkt. 293) will be denied by separate Order. In light of this circumstance:

        a.    WEA may seek to incorporate AEC's arguments into its own (by way of a declaration); WEA shall move for permission to do so with explanation of the justification.

        b.    The Court will not treat AEC's Proposed Motion for Partial Summary Judgment (Phase Two) (Dkt. 293) as an amicus brief in support of Federal Defendants' and Defendant-Intervenors' motions for partial summary judgment on the Phase Two leases. *See* AEC's Mem. ISO Proposed MPSJ, p. 1, n.1 (Dkt. 293-1). AEC may seek leave to file an amicus brief; in such an event, if the motion is granted, Plaintiffs will be permitted to respond to AEC's filing.

    3.    PPRA, Rebellion II, and Titan are not entitled to intervene at this time. *See* 8/17 MDO, pp. 16-21 (Dkt. 297). Accordingly, their Provisional Joint Motion for Partial Summary Judgment and in Opposition to Plaintiffs' Motion for Partial Summary Judgment (Phase Two) ("Joint Motion") (Dkt. 296) will be denied by separate Order. In the event any of these parties are allowed to intervene (*see supra*), they will be permitted to re-file/renew their Joint Motion as appropriate, consistent with the Court's direction on the matter.

DATED: August 19, 2020

Ronald E. Bush
Chief U.S. Magistrate Judge

ORDER - 2