**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*, | Case No.: 1:18-cv-00187-REP |
| Plaintiffs, | **REQUEST FOR STATUS REPORT** |
| vs. | |
| DEBRA HAALAND, Secretary of the Interior, *et al.*, | |
| Defendants, | |
| and | |
| STATE OF WYOMING, *et al.*, | |
| Defendant-Intervenors. | |

Plaintiffs brought this action against Federal Defendants to challenge a series of policies and oil and gas lease sales. The Court separated the litigation into phases to help streamline consideration of legal issues. On February 27, 2020, the Court issued its Phase One Order; that Order is on appeal at the Ninth Circuit. On June 9, 2021, the Court issued its Phase Two Order; that Order is also on appeal at the Ninth Circuit. On October 14, 2021, the Court heard oral argument on Phase Three; however, on December 3, 2021, the Court stayed and deferred ruling on Phase Three during the pendency of the Phase One appeal.

On January 5, 2022, the Ninth Circuit issued a Memorandum and Opinion pertaining to separate, but related, appeals – specifically, Anschutz Exploration Corporation's ("AEC") and Chesapeake Exploration, LLC's ("Chesapeake") respective appeals of the Court's denial of their motions to intervene in this case (for purposes of both appealing the Court's Phase One Order

**REQUEST FOR STATUS REPORT - 1**

and participating in subsequent phases of the litigation that involve their leases).  In short, the Ninth Circuit (i) reversed the Court's denial of AEC's and Chesapeake's motions to intervene in the Phase One appeal, (ii) reversed the Court's denial of AEC's and Chesapeake's motions to intervene in subsequent phases of the litigation involving their leases, and (iii) remanded for further proceedings.

In this unsettled and evolving context (and while the Court awaits the Ninth Circuit's mandates), the Court requests input from the parties for the purposes of settling the procedural posture of the case and charting the next steps across all phases of the litigation.  For example: Which of AEC's and Chesapeake's leases apply to impact which phase(s) of the litigation?  How are those phases exactly impacted, if at all, keeping in mind what has already taken place in each phase?  Must AEC and Chesapeake consent to the exercise of jurisdiction by the undersigned upon the entry of orders granting their motions to intervene?  There are undoubtedly more questions that deserve consideration and answers before proceedings – this is simply a non-exhaustive list of those currently under consideration by the Court.

**IT IS THEREFORE HEREBY ORDERED** that the parties (including AEC and Chesapeake) shall confer and jointly submit a status report not to exceed 2,000 words on or before February 11, 2022 regarding the status of the action in light of the Ninth Circuit's recent Memorandum and Opinion.

DATED:  January 14, 2022

Honorable Raymond E. Patricco
U. S. Magistrate Judge

**REQUEST FOR STATUS REPORT - 2**