[NAMES AND ADDRESSES OF COUNSEL
APPEAR ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY,

Plaintiffs,

v.

DEBRA HAALAND*, Secretary of Interior, *et al.*,

Defendants,

STATE OF WYOMING, *et al.*,

Defendant-Intervenors.

** Official Defendant automatically substituted per Fed. R. Civ. P. 25(d)*

Case No. 1:18-cv-00187-REP

**JOINT STATUS REPORT**

In response to the Court's March 17, 2022 Docket Entry Order (ECF No. 445), counsel for the parties have conferred and offer the Court the following joint status report. The parties have not reached agreement on how to address intervention issues following the Ninth Circuit orders. They therefore offer separate proposals on that issue for the Court's consideration:

**A. Status of Intervention Appeals and Proposals for Further Proceedings on Intervention:**

The Ninth Circuit issued its decisions in the Chesapeake and Anschutz intervention appeals on January 5, 2022. The Ninth Circuit denied rehearing and issued the mandates on May 2, 2022. The parties offer the following proposals for this Court's consideration on how to proceed in light of these intervention decisions.

Plaintiffs' Position: The Court should direct the parties to confer and attempt to seek agreement on a path forward. In the meantime, Plaintiffs offer the following position statement:

*Intervention in Phase Three:* Plaintiffs agree that the Court may lift the stay to grant Chesapeake and Anschutz intervention as to Phase Three and future phases in which their leases are at issue. Intervention should be limited to the leases Chesapeake and Anschutz own, consistent with the limited purpose for which they sought intervention. AEC and Chesapeake should not be permitted to raise arguments pertaining to other leases. *See* ECF No. 232 ("Chesapeake seeks this limited intervention to protect its rights in seven oil and gas leases, not all of the other leases that Plaintiffs included in their Second Amended Complaint"); ECF No. 198 (AEC motion seeking to protect its personal lease interests); *see also* Fed. R. Civ. P. 24(a), Advisory Committee's Note ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions"); *United States v. American Telephone & Telegraph Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980) (noting that the scope of intervention may be limited consistent with the "limited nature of the intervenor's interest"). The Court should then direct AEC and Chesapeake to file a supplemental Phase Three brief, with a page limit consistent with the narrow scope of intervention. The Court should permit a response(s) by Plaintiffs of equal length.

*Intervention in Phases One and Two:* The district court lacks jurisdiction to grant intervention in Phases One and Two, given the pending appeals of those decisions. Although the Ninth Circuit has not yet issued a published decision on this issue, a majority of other circuits have held that the filing of a notice of appeal deprives the district court to rule on a pending or later-filed intervention motion. *Drywall Tapers & Pointers of Greater New York, Local Union 1974 v. Nastasi & Assocs., Inc.*, 488 F.3d 88, 94–95 (2d Cir. 2007); *Doe v. Public Citizen*, 749

F.3d 246 (4th Cir. 2014); *Avoyelles Sportsmen's League v. Marsh*, 715 F.2d 897, 927-929 (5th Cir. 1983) (notice of appeal deprives district court of jurisdiction to grant motion to intervene); *Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012); *Roe v. Town of Highland*, 909 F.2d 1097 (7th Cir. 1990); *see also Bryant v. Crum & Forster Speciality Ins. Co*., 502 F. App'x 670 (9th Cir. 2012) (unpublished). Only the Third Circuit has rejected this view. *Halderman v. Pennhurst State Sch. & Hosp*., 612 F.2d 131, 134 (3d Cir.1979) (en banc). Additionally, even if this Court were to grant intervention, there does not appear to be a way for Chesapeake and Anschutz to file their own timely appeals of the Phase One and Two decisions.[1] *See Evans v. Synopsis*, No. 20-16416 (9th Cir. May 12, 2022).

In light of these two jurisdictional issues, Plaintiffs suggest that the most appropriate course is for Anschutz and Chesapeake to file motions with the Ninth Circuit seeking to intervene directly in the existing Phase One and Two appeals. *See Cameron v. EMW Women's Surgical Ctr*., *P.S.C.*, 142 S. Ct. 1002, 1009–11 (2022) (discussing intervention directly in pending appeals).

Defendants' Position*:* Federal defendants take no position.

Position of Wyoming, Western Energy Alliance, Titan Exploration, LLC, Chesapeake, and Anschutz*:* Defendants-Intervenors and Proposed Defendant-Intervenors request that the Court lift the stay for the purpose of granting the interventions as explicitly directed by the Ninth Circuit, thereby authorizing them to file their notices of appeal. The Ninth Circuit was very specific regarding Chesapeake's and AEC's interventions in this matter, both of which were to (a) appeal the Phase One decision and (b) participate fully in subsequent phases. In overturning

[1] Chesapeake and Anschutz did file timely notices of appeal from the Phase One Decision, but those appeals were dismissed by the Ninth Circuit. Neither Chesapeake nor Anschutz timely appealed the Phase Two Decision.

the Court's order denying intervention, the Ninth Circuit stated that the Court's decision denying Chesapeake's intervention is "REVERSED AND REMANDED for further proceedings with instructions to the District Court to enter an order granting the motion for intervention." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 842 (9th Cir. 2022). The Ninth Circuit told the Court to enter an order granting intervention. And the Court cited this published opinion in its memorandum opinion reversing and remanding the Court's decision denying AEC's intervention. The Ninth Circuit's mandate is not subject to any other interpretation. A district court undoubtedly has jurisdiction to undertake action commanded on remand by the Court of Appeals after that court decides an appeal of the district court's order. Plaintiffs' argument that Chesapeake and AEC cannot intervene in Phase One would be in direct conflict with the Ninth Court's opinion. *Id.*

Moreover, in the related appeal from the Montana District Court's decision in an almost identical case, the Ninth Circuit issued an order on April 4, 2002, that is relevant because is also involved AEC's intervention for purposes of appeal. In that appeal, the Ninth Circuit explicitly stated, "[w]e now administratively close these appeals pending the district court's grant of AEC's motion to intervene and AEC's filing of any timely notice of appeal of the May 22, 2020, order." *Montana Wildlife Federation v. Haaland*, No. 20-35609 (9th Cir. April 4, 2022). The Ninth Circuit there recognized that AEC has the right to intervene for purposes of appeal and directed the district court to enter an order granting intervention so that AEC could file a new notice of appeal. The Court should do the same here.

**B. Status of Phase One Appeals:**

The Ninth Circuit panel that heard oral argument in May 2021 in the Phase One appeals has not acted since the intervention panel issued its decisions in the Chesapeake and Anschutz

intervention appeals on January 5, 2022. The parties concur that the Phase One appeal panel was presumably awaiting issuance of mandates from the intervention appeals.

**C. Status of the Phase Two Appeals:**

The Phase Two appeals are being held in abeyance while the parties await the Ninth Circuit's resolution of the Phase One appeals, and/or the Solicitor General's determination as to whether to approve Federal Defendants' Phase Two appeal.

**D. Possible "Phase Four" Summary Judgment:**

There are three lease sales remaining in Plaintiffs' complaint which have not yet been addressed in summary judgment motions before this Court: the December 2017 Montana, March 2018 Montana, and March 2018 Wyoming lease sales. Two of these were already vacated in *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 457 F. Supp. 3d 880 (D. Mont. 2020) (vacating December 2017 and March 2018 Montana sales based on NEPA violations). No party appealed that decision. The third sale was recently vacated in a March 11, 2022 decision by Judge Morris in the related District of Montana case. *See Montana Wildlife Federation et al. v. Bernhardt, et al.*, No. 4:18-cv-069-BMM (D. Montana) (ECF No. 335) (Phase Two decision vacating the March 2018 Wyoming lease sale and four others due to BLM's violation of the 2015 Sage-Grouse Plans' prioritization requirement). If upheld on appeal, that decision may resolve the need to adjudicate the 2018 Wyoming lease sale in a possible "Phase Four" in this case.

Dated: May 16, 2022

Respectfully submitted,

*/s/ Sarah Stellberg*

Laurence ("Laird") J. Lucas (ISB # 4733)
llucas@advocateswest.org
Sarah Stellberg (ISB #10538)
sstellberg@advocateswest.org

P.O. Box 1612
Boise, ID 83701
(208) 342-7024

*Attorneys for Plaintiffs*

RAFAEL M. GONZALEZ, JR.
Acting United States Attorney

CHRISTINE ENGLAND, ISB # 11390
Assistant United States Attorney
District of Idaho
1290 West Myrtle Street, Suite 500
Boise, ID 83702
(208) 334-1211; Fax: (208) 334-9375
Christine.England@usdoj.gov

TODD KIM
Assistant Attorney General

*/s/ Luke Hajek*

LUTHER L. HAJEK, CO Bar No. 44303
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1376, fax: (303) 844-1350
Luke.Hajek@usdoj.gov

*Attorneys for Defendants*

*/s/ Bret Sumner*

Bret Sumner, Pro Hac Vice
bsumner@bwenergylaw.com
Malinda Morain, Pro Hac Vice
mmorain@bwenergylaw.com
BEATTY & WOZNIAK, P.C.
1675 Broadway, Suite 600
Denver, CO 80202
303-407-4499, fax: 800-886-6566

Cherese D. McLain
MSBT LAW
7699 West Riverside Drive

Boise, ID 83714
208-331-1800, fax: 208-331-1202
cdm@msbtlaw.com

*Attorneys for Defendant-Intervenor Western Energy Alliance*

*/s/ James Kaste*

James Kaste, WSB No. 6-3244
Deputy Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
(307) 777-7895, fax: (307) 777-3542
james.kaste@wyo.gov

Cherese D. McLain
MSBT LAW
7699 West Riverside Drive
Boise, ID 83714
208-331-1800, fax: 208-331-1202
cdm@msbtlaw.com

*Attorney for Defendant-Intervenor State of Wyoming*

*/s/ Andrew Emrich*

Thomas L. Sansonetti (*Pro Hac Vice*)
Andrew C. Emrich (*Pro Hac Vice*)
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 290-1061 (T. Sansonetti)
(303) 290-1621 (A. Emrich)
tlsansonetti@hollandhart.com
acemrich@hollandhart.com

Alison C. Hunter (ISB #8997)
HOLLAND & HART LLP
P.O. Box 2527
Boise, ID 83701-2527
208.342.5000
achunter@hollandhart.com

*Attorneys for Defendant-Intervenor Titan Exploration, LLC*

*/s/ Mark Gibson*

Jessica Black Livingston, pro hac vice
Mark D. Gibson, pro hac vice
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
andrew.lillie@hoganlovells.com
jessica.livingston@hoganlovells.com
mark.gibson@hoganlovells.com
(303) 899-7300, fax: (303) 899-7333

*Attorneys for Proposed Defendant-Intervenor Anschutz Exploration Corporation*

*/s/ William Sparks*

William E. Sparks
BEATTY & WOZNIAK, P.C.
1675 Broadway, Suite 600
Denver, CO 80202
303-407-4499, fax: 800-886-6566
wsparks@bwenergylaw.com

*Attorney for Proposed Defendant-Intervenor Chesapeake Exploration, LLC*